JOHN W. GRIGGS, RECEIVER OF THE PASSAIC BLEACHERY, v. THOMAS AND GEORGE M. STONE.

1. Shells designed for use by cloth printing machines, held not.to be parts of those machines.

2. The purpose of the Mechanics' Lien law is to afford mechanics a lien upon machinery of which they cannot have such possession as would give them a lien by the common law. This statutory lien is confined to fixed machinery.

3. Where machinery is of such a character that the common law lien may be had upon it, doubts should not be so resolved as to hold the machinery to be also subject to the statutory lien.

On error to the Passaic Circuit Court.

For the plaintiff in error, *Thomas M. Moore.*

For the defendants in error, *Joseph Coult.*

The opinion of the court was delivered by

THE CHANCELLOR. The defendants in error, under the fifth section of the Mechanics' Lien act (*Rev., p.* 669), claim a lien upon two cloth printing machines fixed in the soil in buildings belonging to the Passaic Bleachery, because of work done in engraving, upon copper shells, patterns to be printed on cloth.

These shells are cylinders which fit on mandrels or rollers constructed with the printing machines. A protrusion from the inside of the shell, called a feather (of uniform size in all shells), fits a groove in the mandrel, and keeps it from slipping as the mandrel revolves.

The printing machines are sold in this country and in England, as complete, without shells. Shell making is a distinct industry. The manufacturers of the printing machines do not make them.

It is necessary that the internal diameter, or bore, of a shell shall correspond with the diameter of the mandrel of the machine by which it is to be used, but, in all other respects, the machine is adjustable, within limits, to the use of any shell. Sizes of mandrels and bores of shells are regulated by agreement between manufacturers, so that any size of either may be ordered by an agreed designation without special measuring or fitting. For instance, the mandrels of the machines of the Bleachery company are of that size which requires the shells to be used by them to have what is called an " E " bore.

A single pattern is engraved upon the external surface of each shell, and hence a printer's shells must be as numerous as the patterns he prints.

The Passaic Bleachery has five hundred shells and only two printing machines.

The defendants, who are engravers in the city of Newark, have engraved patterns upon seventy-six of these five hundred shells. The shells upon which they worked were delivered into their possession, at their place of business, and after the work of engraving was completed were returned to the bleachery. The defendants did not do any work upon the printing machines

themselves, and did not do anything to the shells which affected their mechanical connection with those machines.

The lien is claimed simply because of the engraving.

By the surrender of the possession of the shells, after the engraving was completed, the lien which the common law gave upon them was lost.

The contention now is, that by the statute a lien can be had upon the printing machines as for work done in the construction or alteration of "fixed machinery" or of "fixtures for manufacturing purposes." *Rev., p.* 669, § 5 ; *Rev. Sup., p.* 456, § 3.

The two printing machines are admitted to be "fixed machinery" within the intendment of the statute. Upon this statement of facts it becomes obvious that the single question now to be considered is, whether the shells are parts of the printing machines.

The test by which this question should be determined is the inquiry, whether the shells are essential to the completeness of the machines for the purposes for which the machines were designed.

It has been held in several cases, which suggested this test, that rollers specially fitted for a machine designed for rolling iron, are parts of it, because, without them, that machine could not perform its functions, and would not pass as complete ; and, as well, that duplicate rollers fitted to such a machine are parts of it, because their design is to render the machine more efficient.

The plain purpose of the rolling mill is to reduce iron to shape. Without rollers it cannot accomplish this purpose, and, hence, it is not complete or salable without them.

The office of the printing machine is not to itself print, but to apply that which prints, to that which is to be printed upon. When sold, it is considered as complete without shells, just as the iron rolling machine is complete, without the iron upon which it operates.

It better stands upon the footing of the book printing press, which is complete without the types and stereotype or electrotype plates which it applies to paper.

It is not conceived that a workman who alters, or who even constructs, one of ten thousand stereotype plates used by a book publisher, could claim a lien upon the publisher's presses and his ten thousand plates as parts of that press.

It is evident that to avoid such an absurdity, the plate worked upon must be regarded as a separate article, that the press is designed to use.    I think that the shells should not be regarded as parts of these printing machines.

But, if the question, whether the shells are to be considered as parts of the printing machines be doubtful, it appears to me that the court's conclusion in this case may rest upon another ground.    The purpose of the statute is to afford mechanics a lien upon machinery, of which they cannot have such possession as would give them a lien by the common law.    The statutory lien is confined to "fixed machinery."

With this purpose of the statute in view, it follows, that where machinery is of such a character that the common law lien may be had upon it, doubts should not be so resolved as to hold the machinery to be also subject to lien under the statute.    In other words, in such cases doubts should be resolved against the statutory lien.

Here, the defendants in error at one time had a lien by the common law.

Upon these grounds I think that the judgment below should be reversed.

*For affirmance*—None.

*For reversal*—THE CHANCELLOR, CHIEF JUSTICE, DEPUE, GARRISON, MAGIE, REED, SCUDDER, VAN SYCKEL, BROWN, CLEMENT, COLE, McGREGOR, SMITH, WHITAKER.    14.