### FRANK KLEIN v. ADAMS EXPRESS COMPANY.

### LOUIS BUERGER v. ADAMS EXPRESS COMPANY.

*Ex parte* affidavits upon which a rule to show cause has been allowed cannot be used in the argument of the rule. The character of depositions taken must be such as to show the facts necessary to a proper judicial determination of the questions arising upon the rule.

On rule to show cause why the writs of summons and the service thereof should be quashed.

Argued at November Term, 1897, before Justices GARRISON and LIPPINCOTT.

For the plaintiffs, *Henry Hollingshead, Jr.,* and *Thomas B. Hall.*

For the defendant, *Charles E. Gummere.*

The opinion of the court was delivered by

LIPPINCOTT, J.   It appears by the *ex parte* affidavits upon which the rules to show cause were allowed that the Adams Express Company, the defendant, is a joint stock association organized under the laws of the State of New York, and that the principal place of business is in the city of New York, and that it had a president and treasurer, and that under the laws of the State of New York actions are authorized to be brought against the president or treasurer, and that the statute of the State of New York directs the service of process in such actions so instituted shall be made upon the president or treasurer thereof.

These actions in this state were brought against the defendant, in the name of the Adams Express Company, and the service of process was made upon one John B. Darby, the local agent of the defendant at the city of Camden.   The rules to show cause herein were allowed upon the *ex parte* affidavits tending to show that he was not the proper party upon whom service could be legally made.   Upon the argument at the November Term, 1897, of this court it appeared that no testimony had been taken under the rules, and, as the facts were not agreed upon between counsel, the court held that the *ex parte* affidavits could not be used, and ordered depositions to be taken upon the rules upon notice, within thirty days, and submitted to the court, in order that the court might properly determine whether the actions had been

properly brought in this state in the name of the Adams Express Company, and whether legal service of process had been made in such actions. The depositions as ordered have not been taken and submitted to the court. Instead thereof another *ex parte* affidavit, taken without notice, has been served upon the attorney of the plaintiffs and submitted to the court.

The *ex parte* affidavits used to obtain the rules to show cause cannot be used upon argument without the agreement of parties and the leave of the court. The *ex parte* affidavit taken afterwards is in the same position.

Upon rules to show cause of this character, depositions upon which the argument before and the determination by the court are to be had, must be taken upon notice under the statute, unless the facts be agreed upon by the parties and are of such a sufficient character and certainty that the judicial determination of the court can be had upon the questions arising. The rule is absolute that *ex parte* affidavits cannot be used on the final hearing of the rule. When insisted upon, depositions in the usual manner, upon notice, must be taken. *Gen. Stat., p.* 2569, §§ 219, 220, 221 ; *Sup. Ct. Rules* 62, 63 ; *Dare* v. *Ogden, Coxe* 91 ; *Layton* v. *Cooper, Pen.* 65 ; *Cooper* v. *Galbraith,* 4 *Zab.* 219 ; *Baldwin* v. *Flagg,* 14 *Vroom* 495 ; *Atkinson* v. *Price,* 17 *Id.* 53.

The rules to show cause not being properly prosecuted must be discharged, with costs.