AUGUSTUS L. PEER v. FRANK E. BLOXHAM ET AL.

Submitted November 10, 1911—Decided November 20, 1911.

1. *Ex parte* affidavits upon which a rule to show cause has been allowed, cannot be used in the argument of the rule.
2. The practice as to presenting proof in support of such rule indicated.

On rule to show cause why proceeds of sale under execution should not be paid to plaintiff in part satisfaction of his judgment.

Before Justices GARRISON, PARKER and BERGEN.

For the rule, *Joshua R. Salmon.*

The opinion of the court was delivered by

PARKER, J.    The meritorious question involved in this application relates to the respective priorities of execution creditors as against a fund of money in court, realized by sale under one or more of the executions.    But, as a matter of practice, we cannot examine into or decide this question for the reason that no evidence appears to have been taken under the rule to show cause from which the rights of the respective execution creditors to the fund, or their priorities, can be determined. The plaintiff, claiming the prior right to the fund, relies entirely on the affidavit upon which the rule to show cause was allowed and no depositions have been taken thereunder in support of the rule, although express provision was made therefor.

The present application is typical of numbers of similar ones that are constantly presented, and the frequency of such applications justifies a reiteration of the well-established rule that affidavits on which a rule to show cause is founded lose their efficacy as proof as soon as such rule to show cause is made; and that after this, *ex parte* affidavits, whether made before or after the granting of the rule, are not competent to

prove the facts necessary to support a motion not of course, or to be read on the hearing of a rule to show cause, depending on facts extrinsic to the record. Such facts can be brought before the court only by depositions taken on notice. *Baldwin* v. *Flagg,* 14 *Vroom* 495, citing *Cooper* v. *Galbraith,* 4 *Zab.* 219; *State* v. *Gardner,* 5 *Vroom* 327, 329. The practice of taking affidavits *ex parte,* to be used on the argument of a motion, is peculiar to the Court of Chancery. *Baldwin* v. *Flagg, supra.* A later case is *Klein* v. *Adams Express Co.,* 32 *Vroom* 530. The affidavits on which a rule to show cause is made must be filed as a basis for that rule upon entering the same. *Cooper* v. *Galbraith, supra.* Upon the granting of the rule, and in support of it, the moving party must repeat his proof in the form of depositions taken on notice to all parties interested. Four days' notice is required; and on such notice both sides may take depositions, or the opposing party may give a separate notice. Practice act of 1903, sections 196, 197. The witnesses are to be examined and cross-examined in regular course, and the testimony may now be taken stenographically in cases to which the Practice act is applicable. *Ib.* 197.

Nothing of this kind was done in the present case, plaintiff relying on his original moving affidavit for his proof. The motion to make the rule absolute will be denied, but the rule may be extended until December 15th next, to the end that plaintiff may support it by depositions and such documentary evidence as is required pursuant to the practice above indicated.