Hudson County Circuit Court.

IN THE MATTER OF THE APPLICATION OF JOHN DUJAN-
SKI AND STELLA DUJANSKI, HIS WIFE, TO HAVE
INCHOATE LIENS UNDER THE MECHANICS' LIEN
LAW DISCHARGED OF RECORD.

Decided July 12, 1935.

For the petitioner, *Stephen P. Piga.*

For the respondent Garfield Mills, Incorporated, *Irving Lipman.*

BROWN, C. C. J. The applicant obtained a rule to show cause, addressed to the respondents Samuel Greenberg, Garfield Mills, Incorporated, a corporation, and Stephen M. Ferenczi, why a mechanics' notice of intention filed in the county clerk's office of Hudson county should not be canceled and discharged of record. Upon the return of the rule to show cause, Garfield Mills, Incorporated, made objection that this court was without jurisdiction to grant the relief sought. On the argument of the rule it appeared the relief the petitioner sought was an order directing the county clerk to discharge of record the notices of intention on the "lien docket" in his office. According to the petition and affidavits filed the petitioners on the 7th day of March, 1933, were the owners of premises known as 232 Thirteenth street, Jersey City, New Jersey. On that date the owners entered into a building contract with a contractor to alter and remodel a building on the premises. On November 18th, 1933, a

supplemental agreement was made between the petitioners and the same contractor, concerning the same alteration, which contract was filed by the petitioners on November 20th, 1933, in the office of the clerk of Hudson county. On April 1st, 1934, the contractor defaulted a second time and the petitioners engaged another contractor who completed the work. The respondents acting under the contracts of March 7th and November 18th, 1933, performed labor and supplied materials in connection with the alterations mentioned and filed their notice of intention under the Mechanics' Lien law in the Hudson county clerk's office, the first notice being filed on November 22d, 1933, and the last on March 29th, 1934. None of the respondents have taken any steps to perfect a lien claim since the date of filing their notice. The applicant applied to a Building and Loan Association for a loan to pay the second contractor. The Building and Loan Association, before loaning the money, demanded that the notices of intention be discharged or canceled of record. The question to be decided is whether this court has jurisdiction to order the county clerk to discharge or cancel the notices of intention of record. Chapter 212, *Pamph. L.* 1930, *p.* 972 (*Cum. Supp. Comp. Stat.* 1925-1930, *p.* 949, § 126-1), provides that:

"1. Every building within this state, together with the land whereon it stands, including the lot or curtilage whereon the same is erected, shall hereafter be liable for the payment of any debt contracted or owing to any person for labor performed or materials furnished in or about the erection, construction or completion thereof, or any alteration, repair or addition thereto, which debt shall be a lien on such building, and on the land whereon it stands, including the lot or curtilage whereon the same is erected; provided nevertheless, that no one shall be entitled to a lien under the provisions of this act or any act supplementary hereto or amendatory hereof for any labor performed or materials furnished prior to the filing in the office of the clerk of the county wherein the land and building to be affected by such lien is situate, a mechanic's notice of intention to perform such labor or

furnish such materials, which notice shall be signed by or on behalf of the one for whose benefit the same is filed and shall contain:

(a) The name of anyone who shall, within ten days prior to the filing of the notice, have been the owner of record of the estate in the lands to which the lien is to attach.

(b) A description of the land sufficient to identify it.

(c) The name of the one for whom the labor is to be performed or to whom the materials are to be furnished.

(d) The full name and address of the one for whose benefit the notice is filed, and the name of the person or persons whose signature shall be binding on the one for whose benefit the notice is filed when affixed to any instrument relating to such right of lien.

Provided, that nothing contained in the foregoing provision shall be construed to apply to anyone performing labor which is to be paid for within two weeks from the date of performance when the amount due for such labor does not exceed the sum of Two Hundred Dollars ($200).

(2) The county clerk of each county in this State shall, prior to the date when this act goes into effect, provide a book to be entitled "Mechanics' Notice of Intention," so arranged that he may record therein the name of the owner, the name of the person by or on whose behalf the notice is filed, the location of the property, the file number of the county clerk's office endorsed upon each notice filed under the provisions of this act, and the date of filing of such notice, and shall maintain in said record an alphabetical index of all owners in any such notice, and shall keep in his office in convenient form for inspection by the public all notices so filed, and for so doing he shall be entitled to a fee of twenty-five cents for each notice so filed, recorded and indexed.

(3) No person shall be entitled to a lien under the provisions of this act, or under any act supplemental hereto or amendatory hereof, who shall have delivered materials to be used in the erection, construction, completion of, or any alteration, repair or addition to any building when fur-

nished or delivered under a contract for the conditional sale of goods."

"31. Such land and building may be discharged from any lien created by this Act (*Cum. Supp. Comp. Stat.* 1925-1930, *p.* 962, § 126-31):

I. By payment and receipt therefor, given by such claimant, which, when the same is executed in the presence of and is attested by any officer entitled to take the acknowledgment of the execution of a deed, or when acknowledged or proved before such officer, shall be filed by such clerk, and the words 'discharged by receipt' shall be entered by him in said lien docket, opposite the entry of said lien;

II. By paying to said county clerk the amount of said claim (with interest and costs) which amount said clerk shall pay over to said claimant.

III. By the expiration of the time limited for issuing a summons, on such lien claim, without any summons being issued, or without notice thereof endorsed on said claim; and further when it shall be made to appear by affidavit or otherwise to the satisfaction of a justice of the Supreme Court or a judge of the Circuit Court in the county wherein said lien is filed, that more than the time limited for issuing a summons on such lien claim without any summons being issued or without notice thereof being endorsed on said claim, and said lien still remains on record as unsatisfied, the said justice or judge shall have power to forthwith order the clerk of said court to enter a discharge of said lien in said lien docket, opposite the entry of said lien.

IV. By filing an affidavit that a notice from the owner to the claimant requiring such claimant to commence suit to enforce such lien in thirty days from the service of such notice; and the lapse of thirty days after such service without such suit being commenced, or without any entry of the time of issuing such summons being made on such claim.

V. When it shall be made to appear by affidavit or otherwise, to the satisfaction of a justice of the Supreme Court or a judge of the Circuit Court in the county wherein said lien is filed, that said lien has been duly paid and satisfied,

and that the claimant under said lien, or his attorney, have died or removed from this State since the filing of said lien, and said lien still remains on record as unsatisfied, the judge of said court shall have power to forthwith order the clerk of said court to enter a discharge of said lien in said lien docket, opposite the entry of lien.

VI. When at the trial of any suit based on a claim under this act judgment of nonsuit as to the owner or judgment final in favor of the owner defendant shall be entered, and no appeal therefrom shall have been taken within the time prescribed by law, the judge before whom said trial is held shall, upon application, execute an order setting forth said judgment of nonsuit or judgment in favor of the said defendant and directing the county clerk to cancel and discharge the lien of record; and the county clerk, upon receipt of said order, shall endorse upon the record of the mechanics' lien, "discharged by order of the court."

Chapter 134, *Pamph. L.* 1932, *p.* 242 (*N. J. Stat. Annual* 1932, *p.* 186, §126-36a(1)), provides that:

"1. Whenever a mechanics' notice of intention has been filed in the county clerk's office in this State, pursuant to 'An act to amend an act entitled "An act to secure to mechanics and others payment for their labor and materials in erecting any building and making certain improvements to land" (Rev. of 1898) approved June 14, one thousand eight hundred and ninety-eight, which amendment was approved April 18, one thousand nine hundred and thirty,' and said claim for which the mechanics' notice of intention has been filed shall have been paid, satisfied or settled by the parties, or abandoned by the party filing said mechanics' notice of intention, the person, firm or corporation who filed said mechanics' notice of intention shall file a certificate duly acknowledged or proved with the county clerk, in whose county the mechanics' notice of intention has been filed, which certificate chall contain:

1. The date of filing the mechanics' notice of intention.

2. The file number endorsed upon the mechanics' notice of intention.

3. The name of the owner of the land named in said mechanics' notice of intention.

4. The name of the one for whom the labor was performed or materials were furnished.

Said certificate shall also direct the county clerk to discharge the mechanics' notice of intention of record."

The answer to the question presented on the rule depends primarily upon the construction of the foregoing provisions of the Mechanics' Lien law. It is the policy of our courts to construe the statute in such manner as to give effect to the purpose of the legislation (*Shoemaker* v. *Maloney,* 102 *N. J. L.* 363; 132 *Atl. Rep.* 606); and so far as it operates to charge the lands of a party with a debt not contracted by him or for his ultimate benefit it should be strictly construed. *Associates of the Jersey Co.* v. *Davison,* 29 *N. J. L.* 415. The remedies provided in the statute should not be extended beyond its obvious design and clear requirements. *Ayres* v. *Revere,* 25 *N. J. L.* 474; *Associates of the Jersey Co.* v. *Davison,* 29 *N. J. L.* 415; *Griggs* v. *Stone,* 51 *N. J. L.* 549; 18 *Atl. Rep.* 1094.

Section 31, paragraph III of chapter 212, *Pamph. L.* 1930, (*Cum. Supp. Comp. Stat.* 1925-1930, *p.* 962, § 126-31), is the law referred to as empowering the court to grant the relief for which application is made. A reading of that section does not clearly disclose that the legislature intended the remedy therein contained should apply to a case where a notice of intention was involved but does clearly apply to that of a mechanics' lien. This act directs the discharge to be entered "in said lien docket, opposite the entry of said lien." What is plainly intended by this law is that a lien claim, not a notice of intention, may be discharged in the manner provided by the statute in the lien docket pertaining to liens and not in the book which the statute provides shall be kept by the county clerk and entitled "Mechanics' Notice of Intention." The legislature by the act of 1930 evidently did not intend that the remedies therein providing for a discharge of a lien should apply to a mechanics' notice of intention because the legislature enacted a method of dis-

charging a notice of intention in section 1, *Pamph. L.* 1932, *p.* 242, which directs that the notice of intention, in case of an abandonment, shall be discharged only upon a certificate being filed by the party filing the notice of intention. It directs that such party shall file the certificate. This is a clear mandatory direction. The statute does not direct a Circuit Court judge to order a county clerk to discharge the notice in the event of an abandonment. If the legislature so intended no doubt the act would contain some reference in that direction. If the remedies of the Mechanics' Lien act are to be confined to the obvious design and clear requirements of the act (*Ayres* v. *Revere, supra*); the act should not be so construed as to empower a Circuit Court judge to order a county clerk to discharge a notice of intention of record. The parties in this case have not furnished proof of the facts relied upon as required by the practice referred to in *Peer* v. *Bloxham,* 82 *N. J. L.* 288; 81 *Atl. Rep.* 659.

The rule to show cause is discharged.