---------o---------

THE CITY OF EVANSVLLE *v.* PAGE.

SURVEYS—MONUMENTS.—It is a rule, subject to few exceptions, that the monuments of a survey control the distances. Page 527.
STREETS—USER.—Where a street has been dedicated to public use by recording the plat, if there is uncertainty as to its boundaries, in the first instance, the subsequent user by the public for a long period of years would of itself mature into a right. Page 527.
CITIES—ANNEXATION.—Where several pieces of platted territory do not all adjoin a city, but adjoin one another, and one of them adjoins a city, they may all be annexed at the same time, under sec. 50, 1 G. & H. 680. Page 528.
CITIES—LOTS.—Subdivisions marked on the plat with the view to impress upon them the character of urban as contradistinguished from rural use, are to be regarded as "lots" in the meaning of the statute. Page 528.

APPEAL from the *Vanderburgh* Common Pleas.

FRAZER, J.—This was an action to enjoin the sale of certain lots for taxes assessed by the city of *Evansville,* and the question presented by the record is, whether the lots are within the corporate limits of the city. The question arose below upon demurrers to two paragraphs of the answer, each of which avers a state of facts deemed by the pleader, and urged to be, sufficient to show that the lots were within the city. The court below sustained the

| 23 | 525 |
| 129 | 594 |
| 23 | 525 |
| 133 | 334 |
| 23 | 525 |
| 145 | 25 |
| 23 | 525 |
| 150 | 569 |
| 23 | 525 |
| 163 | 284 |

demurrer. The solution of the question in each case depends upon the validity of certain proceedings of the town of *Lamasco*, designed to annex *Greeksville* to it; and those proceedings were valid if *Greeksville adjoined Lamasco. Lamasco* was afterward lawfully annexed to *Evansville.*

The first paragraph of the answer avers that *Greeksville,* on its western side, abutted upon the west line of the south-east quarter of section 19; that, in laying off and platting *Lamasco,* it was intended to cover the whole of the south-west quarter section 19, and that, when located on the ground, it was made to do so, and the east line thereof was actually staked off, on the ground as being on the line dividing the two quarter sections; but the paragraph admits that, by an exact measurement of *Lamasco,* beginning at the starting point fixed by the plat thereof, there would be a strip of land about twelve feet wide between *Lamasco* and *Greeksville.* In other words, we understand by the paragraph that when *Lamasco* was surveyed and laid off into streets and lots to be platted, its eastern boundary was marked by stakes actually placed upon the same line which forms the western boundary of *Greeksville;* but that, from the starting point fixed by the recorded plat, and making each street, alley, and block of the dimensions mentioned on the plat, it appears by measurement that *Lamasco* does not reach to the line, actually staked on the ground as its eastern boundary. The paragraph alleges that a street, described on the plat as being forty feet wide, was located on the eastern side of *Lamasco,* and that the proprietors staked off the eastern line of that street, on the ground as being on the line dividing the two quarter sections, and that a street has ever since actually existed there, and been worked and improved by the corporate authorities; and that, when *Greeksville* was laid out and platted, thirty feet on the east side of the line were added to the width of the street, and so platted, and ever since used.

The question seems to us a very plain one. It is a rule, subject to few exceptions, that the monuments of a survey control the distances. The street was dedicated to public use by recording the plat; and if there be uncertainty as to the boundaries of the street in the first instance, the subsequent user by the public for a period of years, as alleged in the paragraph, would of itself have matured into a right. The presumption of dedication must arise, under such circumstances, and make the rights of the public as complete as if the original plat had called for a street fifty-two feet wide.

If controversy had arisen between the proprietors and the public as to the eastern boundary of the street, in the first instance, there can be no question, however, that the monuments fixed on the ground to mark its boundary, and with reference to which neighboring lot-owners made their purchases and improvements, would have controlled, however much measurements might have indicated it to be elsewhere. The question would have been, and is, Where was the street *actually* located?

But the whole street, including the strip of twelve feet, having been used as such by the public for a long period, must on that ground be regarded as a street, partly in *Lamasco* and partly in *Greeksville*, and the two towns must be held to "adjoin." It was therefore within the power of *Lamasco* to annex *Greeksville*, under the 50th section of the act for the incorporation of towns, etc. 1 G. & H. 630.

The second paragraph of the answer shows that on, etc., *Lamasco* included a portion of *Stockwell's* enlargement; that the balance of *Stockwell's* enlargement adjoined; that *Sharpe's* enlargement adjoined *Stockwell's* at a point where the latter was laid out in blocks which were not subdivided into lots, and that *Sharpe's* adjoined *Greeksville;* that, on the 4th of *February*, 1854, the authorities of *Lamasco*, by resolution, etc., annexed to *Lamasco* all the enlargements named, and *Greeksville* and *Lamasco* were afterward annexed to *Evansville*, etc.

These several pieces of platted territory did not all adjoin *Lamasco,* but they all adjoined one another, and one of them adjoined *Lamasco.* If all this territory had been laid off into *lots,* etc., we have no doubt the whole could have been annexed by one resolution. The statute must receive a reasonable construction. To confine the power given to cases where all the lots adjoined, would be absurd. It would compel the annexing town to act upon only one tier of lots at a time, and a street being reached, they could go no further. The object of the legislature clearly was to enable contiguous territory laid off into lots to be annexed, and a fair construction of the act requires that effect to be given to it. But as the territory annexed, though laid out, platted, and recorded, was at one point connected together by platted blocks not subdivided into the smaller parcels commonly called lots, it is claimed that the power of annexation could not go beyond that point, and that hence *Greeksville* is out. This is but a play with words, in disregard of the purpose and spirit of the statute. Looking at the various plats which are made part of this paragraph of the answer, any one ignorant of the arbitrary, but somewhat common, application of the words "lots" and "blocks," as used in such cases, would simply suppose that some of the lots were larger than others. We think that the word "lots," as used in the statute, must receive a signification less restricted, in order to effectuate the intention of the legislature; and that subdivisions marked on the plat with an evident view to impress upon them the character of urban as contradistinguished from rural use, are to be regarded as "lots" in the sense of the statute.

Judgment reversed, with costs; cause remanded, with directions to the court below to overrule the demurrers.

*Asa Iglehart,* for appellant.

*James E. Blythe,* for appellee.    √