[Filed April 6, 1891.]

## A. PILZ v. W. M. KILLINGSWORTH ET AL.

LABORER'S LIEN—GRADING CITY LOT.—When a person is employed by the owner of a lot in an incorporated city to grade, fill in, or otherwise improve the same, and he employs laborers to assist him in performing the work, the services of such laborers will be considered as having been rendered at the request of the owner, within the meaning of section 3676, Hill's Code.

LOT DEFINED.—A lot, within the meaning of section 3676, Hill's Code, is evidently not to be understood as synonymous with tract or parcel, but in the sense of a city lot, as bounded and described on the recorded plats of the city, or as subdivided and bounded by conveyances of the owners thereof, or by other acts done by themselves or the city authorities, in exercising the right of eminent domain in opening and establishing streets.

FORECLOSURE—AVERMENTS OF NOTICE OF LIEN.—It must affirmatively appear from the complaint, in a suit to foreclose a mechanic's or laborer's lien, that the notice filed contained all the essential provisions required by statute.

Multnomah county: L. B. STEARNS, Judge.

Defendant appeals. Reversed.

This is a suit to foreclose a mechanic's lien alleged to exist

in favor of respondent and several other persons for clearing
a tract of land within the corporate limits of the city of
Albina.    The complaint alleges, for first cause of suit, that
defendant Killingsworth is the owner of a certain tract of
land in the corporate limits of the city of Albina, which is
particularly described; that on the —— day of ———, 18—,
the true date of which is to plaintiff unknown, the defend-
ant Killingsworth duly made and entered into a contract with
the defendant Vennigerholz to clear, improve and grade
the land above described; that during the year 1890 the
said defendant Vennigerholz employed this plaintiff to do
work and labor for him on said land, under said contract,
and this plaintiff performed work and labor under said
employment for the period of 27¼ days at the agreed price
of $1.75 a day, amounting in the aggregate to the sum of
$47.68; that no part of said sum has been paid, and there is
now due and owing to plaintiff therefor the sum of $45.93;
that on the 20th day of June, 1890, plaintiff duly made out
and filed in the office of the recorder of conveyances for
Multnomah county, Oregon, his notice that he intended to,
and did, hold a lien upon the land above described to secure
the payment of said sum; that said lien was so filed within
thirty days after plaintiff ceased to do work under said con-
tract, and was duly recorded at page 119 of Book B of
Records of Mechanics' Liens for Multnomah county, Oregon,
where the same has ever since remained of record and unsat-
isfied; and there is now due and owing to plaintiff the sum
of $45.93, the payment of which is secured by said lien,
together with interest from the date of said lien; and that
$10 is a reasonable attorney's fee for foreclosing said lien
and plaintiff paid $1 for the recording of said lien.    The
remaining causes of suit are mere repetitions of the first,
except as to names and amounts.    Defendant demurred to
the complaint, because it did not state facts sufficient to con-
stitute a cause of suit; which being overruled, and defendant
declining to answer further, a decree was entered foreclosing

the liens and ordering the sale of the property, and hence this appeal.

*Sears & Beach,* for Appellant.

*Moreland & Masters,* for Respondent.

BEAN, J.—By section 3676, Hill's Code, it is provided that "any person who shall, at the request of the owner of any lot in any incorporate city or town, grade, fill in, or otherwise improve the same, or the street in front of or adjoining the same, shall have a lien upon such lot for his work done and materials furnished in grading, filling in, or otherwise improving the same; and all the provisions of this act respecting the securing and enforcing of mechanics' liens shall apply thereto." The lien in this case is claimed by virtue of the provisions of this section of the statute. The contention of defendant is that the complaint does not state facts sufficient to bring the case within this provision of the law, because (1) it does not appear that the work was done at the request of the owner of the property; and (2) that the property described in the complaint is not a lot, within the meaning of this section.

It appears that defendant made a contract with Vennigerholz to clear, improve and grade this property. This authorized the latter to do all acts necessary and proper to enable him to fulfil his contract. It must have been understood that this work was not wholly to be done by the contractor with his own hands. He was fully empowered to employ such assistance as might be necessary to enable him to complete his contract. The consent of the owner to the employment of laborers by the contractor is a necessary and inevitable implication from the contract under which the work was done. We think a fair and reasonable construction of the section under consideration is, that when a person is employed by the owner of a lot in an incorporated city or town, to grade, fill in, or otherwise improve the same, and he employs laborers to assist him in performing the work, that the services of such laborers must be considered

as having been rendered at the request of the owner, within the meaning of section 3676. (*Parker* v. *Bell,* 7 Gray, 429; *Sweet* v. *James,* 2 R. I. 270; *Weeks* v. *Walcott,* 15 Gray, 54; *Clark* v. *Kingsley,* 8 Allen, 543.) This construction is confirmed by the latter clause of the section, which is that "all the provisions of this act respecting the securing and enforcing of mechanics' liens shall apply thereto." Section 3669 of the Code, which is section 1 of the act, makes every contractor, sub-contractor, etc., having charge of the construction, etc., of any building or other improvement, the agent of the owner for the purposes of the act; so that any work done at the request of the contractor is deemed to be done at the request of the owner. The evident intention of the legislature was, by the latter clause of section 3676, to make the provisions of section 3669, so far as it made the contractor the agent of the owner, applicable to liens for grading, filling in, or otherwise improving any lot in an incorporated city or town. The object and purpose of the act is to protect those persons who, by their labor, skill, or material, have contributed to the enhancement in value of the owner's property, and this object should be kept in view in interpreting the language used. The word securing, as used in section 3676, must, we think, be held as applicable to the creation of the lien, and not to its protection, as contended for by appellant. The legislature having made all the necessary provisions in section 1 for securing the lien, deemed it unnecessary to repeat them again in section 8, but simply made them applicable by a general provision.

The right to a lien is in derogation of the common law, and can only be established by a clear compliance with the requirements of the statute. The right is conferred by statute, and the party claiming such lien must show a substantial compliance with the statute, and by his complaint must bring himself within its provisions. (*Allen* v. *Rowe,* 19 Or. 188; Kneel. Mech. Liens, 221.)

The complaint in this case does not allege that the property therein described is a lot within Albina, but describes

the same by metes and bounds, without stating the quantity, although on the argument it was assumed that it contained ten acres. The mere fact that property may be within an incorporated city or town is not sufficient to subject it to a lien for labor bestowed in grading, clearing or improving the same. In addition to being within the corporation it must be a lot. The word lot, when applied to real estate, is indefinite in its dimensions, but is a portion of land that has been set off or allotted, whether great or small. There is no definite and fixed meaning to the word which is applicable to all cases alike. What would be deemed a lot of land in the country would not be so considered in a city or town. Its ordinarily accepted meaning, when applied to property within an incorporated city or town, is evidently not to be understood as synonymous with the word tract or parcel, but in the sense of a city lot, as bounded and described on the recorded plats of the city, or as subdivided and bounded by conveyances of the owners thereof, or by other acts done by themselves or the city authorities in exercising the right of eminent domain in opening and establishing streets. It must be property so situated and subdivided, with reference to streets, as to have impressed upon it the character of urban, as contradistinguished from rural, use. (*City of Evansville* v. *Page*, 23 Ind. 525; *Collins* v. *City of New Albany*, 59 Ind. 396; *Fitzgerald* v. *Thomas*, 61 Mo. 499; *Gardner* v. *Eberhart*, 82 Ill. 316; *Wilson* v. *Proctor*, 28 Minn. 13.)

The legislature must have intended to use the term lot in the sense of a city as contradistinguished from a rural lot, for it is provided that such lot must be within an incorporated city or town, and that a lien may be had on the lot for grading, filling in or otherwise improving the street in front of the same. The including of wild or farming land within the corporate limits of a city would not make such land a lot within the meaning of the law, nor could a laborer claim a lien thereon for work done in grading or improving the same. The complaint in this suit does not allege that the property upon which it is sought to hold a

lien is in any sense a city lot, nor does it allege anything from which the court can infer that it is anything more than a ten-acre tract of land which is within the corporate limits of the city, and this, we have already said, is not sufficient to give plaintiff a lien upon the land for the value of his labor. Until plaintiff shall, by the allegations of his complaint, bring the case within the provisions of the law, his complaint will be vulnerable to a demurrer.

There is yet another fatal objection to the complaint here. The only averment of the filing of the notice required by law is that it was duly made out and filed. This is but a conclusion of law and is clearly insufficient. It must affirmatively appear from the complaint that the notice filed contained all the essential provisions required by statute; that it was proper in form, verified as required, and filed within the time prescribed. (*Hallagan* v. *Herbert*, 2 Daly, 253; *Gault* v. *Soldani*, 34 Mo. 150; Jones' Liens, §§ 1588, 1589; Kneel. Liens, § 202; Estee's Pl. (Pom. Ed.) § 2344.)

The decree of the court below must therefore be reversed, and the cause remanded with directions to sustain the demurrer.