Decided November 29, 1897.

## MATTHIESEN v. ARATA.
[50 Pac. 1015.]

1. PLEADING CONTENTS OF LIEN NOTICE.— The rule that a complaint in a case for the foreclosure of a mechanic's lien must affirmatively show that the lien notice contained all the statutory requirements is sufficiently complied with by pleading the notice *in haec verba*, or by attaching a copy as an exhibit to the complaint.

2. MECHANIC'S LIEN—FIXTURES—REPAIRS.—Wainscoting attached with screws to strips nailed to the wall of a room to be used as a saloon, and oak veneering nailed to the walls, and a door with casing and frame attached to the building, are not trade fixtures, as between a lessee, at whose instance they were put up, and the mechanic, but form alterations or repairs in the building, authorizing a lien on the leasehold for the labor and materials.

From Multnomah: LOYAL B. STEARNS, Judge.

Suit by John C. Matthiesen and others to enforce a mechanic's lien against the leasehold interest of S. A. Arata in a room called the Hoffman Bar, situated in the Sherlock Block in Portland. The facts are set out in the opinion. Arata appeals from a decree against his leasehold interest.

AFFIRMED.

For appellant there was an oral argument by *Mr. Warren E. Thomas*, and a brief over the names of *Starr, Thomas & Chamberlain* to this effect.

The complaint should state, independently of the liens, all the facts necessary to show a cause of suit, even though the lien is annexed and made a part of the complaint:  15 Am. & Eng. Enc. Law (1st Ed.) 156; *Pilz* v. *Killingsworth*, 20 Or. 432 (26 Pac. 305); *Casparay* v. *City of Portland*, 19 Or. 496 (20 Am. St. Rep. 842, 24 Pac. 1036); *Shaw* v. *Allen*, 24 Wis. 563.

The testimony shows that all the work and material was used on trade fixtures, and not on any alteration, construction or repair of the building.  Everything was intended to be but temporary, as Arata testifies and as the method of attaching the work conclusively shows.  The following cases afford striking illustrations of the doctrine that we contend for: *Drew* v. *Mason*, 81 Ill. 498 (25 Am. Rep. 288); *Cubbins* v. *Ayers*, 4 Lea (Tenn.), 329; *McMahon* v. *Vickery*, 4 Mo. App. 225; *O. R. & N. Co.* v. *Mosier*, 14 Or. 522; *Patterson* v. *Gallagher*, 25 Or. 227; *Honeyman* v. *Thomas*, 25 Or. 539; *Wall* v. *Hinds*, 4 Gray, 270 (64 Am. Dec. 64); *Church* v. *Griffith*, 9 Pa. St. 117 (49 Am. Dec. 548); *Van Ness* v. *Packard*, 2 Pet. 137; *Conrad* v. *Saginaw Mining Company*, 54 Mich. 240; *Miller* v. *Baker*, 1 Metc. 31; *Taylor* v. *Townsend*, 8 Mass. 416 (5 Am. Dec. 107); *Tate* v. *Blackburne*, 48 Miss. 1; *Whiting* v. *Brascow*, 4 Pick. 311; Phillips on Mechanics' Liens, §§ 175, 177; Taylor's Landlord and Tenant (8th Ed.), §§ 544, 547; 8 Am. & Eng. Enc. Law (1st Ed.), 22.

For respondent Friedenthal there was a brief and an oral argument by *Mr. Alex. Bernstein.*

For respondent Jackson there was a brief and an oral argument by *Mr. Robert C. Wright.*

For respondents Matthiesen and Schultz there was a brief by *Mr. Geo. W. P. Joseph.*

MR. JUSTICE BEAN delivered the opinion.

On April 12, 1894, the defendant Arata, being the lessee for a term of years of a room on the ground floor of a completed five-story brick building in the City of Portland, and desiring to fit it up for saloon purposes, entered into a contract with plaintiff Matthiesen to furnish the material and do the work necessary to wainscot it in oak, and cover the window and door casings, pilasters and ceiling beams with a covering of the same material, so as to give them the appearance of oak, to partition off a card room, put in an oak door with casings and frame complete to the water closet, cut the partition and put in an oak door to the entrance way, and other work of similar character. The wainscoting was attached with screws to strips nailed on the wall, and the other work was nailed to the fabric of the building. Arata having failed to make his payments as agreed upon, Matthiesen filed a notice of lien for the amount due him, and the other parties who either furnished material to or were employed by Matthiesen did the same. This suit was brought by Matthiesen to foreclose his lien, in which the other lien claimants, who are made defendants, seek to do likewise. The court below found

in favor of the defendant lien claimants, and decreed the sale of Arata's leasehold interest in the building to satisfy their respective claims, and from this decree Arata appeals.

1. It is contended by the appellant that the cross bills of the defendants are insufficient, because it is not averred therein that the notices of lien as filed contain "a true statement of the demand after deducting all just credits and offsets, with the name of the owner or reputed owner, if known, or also the name of the person by whom he was employed, or to which he furnished the material, or also a description of the property to be charged with said lien, sufficient for identification, or that the claim was verified by the oath of himself or of some other person having knowledge of the facts." But this objection is without merit. A copy of the notice is set out bodily in two of the pleadings, and is annexed to and made a part of the other one as an exhibit, and this is a sufficient compliance with the rule that it must affirmatively appear from a complaint to foreclose a mechanic's lien that the notice as filed was in proper form, and contained all the essential provisions required by the statute: *Pilz* v. *Killingsworth*, 20 Or. 432 (26 Pac. 305).

2. The next, and principal, contention is that the work and labor performed and material furnished by the lien claimants was not for the construction, alteration or repair of a building, but in and about the erection of trade or domestic fixtures. But we are unable to subscribe to this view. The adjudications upon the subject of fixtures and annexations are very numerous, but, as they depend upon the facts of each particular

32 Or.—23.

case and the relations of the parties litigant, no pre-
cise rule has or can be extracted from them by which
the question can be determined. It would be useless
for us at this time to enter upon any general discus-
sion of the question, or attempt to seek out analogies
in the adjudged cases in support of our conclusions.
The question is always one of mixed law and fact, and
each case must be decided upon its particular facts;
and, this being so, it is proper to observe, as a matter
of caution, that the question here presented is between
the lessee of a building and mechanics and material-
men who claim a lien on his interest therein, and is
not between landlord and tenant, mortgagor and
mortgagee, nor is it embarrassed by any agreement
of the parties that the material and labor furnished
should be and remain personal property, notwithstand-
ing the manner of its annexation to the building.
The simple question is whether a mechanic, who, at
the request of the lessee of a building, puts into it
work and material of the character indicated, has a
lien on the lessee's interest therein for his labor and
material. In our opinion, the case is clear. As said
by this court in *Helm* v. *Gilroy*, 20 Or. 522 (26 Pac.
853): "The weight of modern authority, keeping in
mind the exceptions as to constructive annexation,
admitted by all the authorities to exist, seems to estab-
lish the doctrine that the true criterion of an irremov-
able fixture consists in the united application of
several tests: (1) Real or constructive annexation of
the article in question to the realty. (2) Appropria-
tion or adaptation to the use or purpose of that part of
the realty with which it is connected. (3) The inten-

tion of the party making the annexation to make the article a permanent accession to the freehold; this intention being inferred from the nature of the article affixed, the relation and situation of the party making the annexation, the policy of the law in relation thereto, the structure and mode of the annexation, and the purpose or use for which the annexation has been made." Now, apply these rules to the case in hand, it is manifest that the material and labor of the lien claimants became, as between them and the lessee of the building, a part and parcel thereof. The erections were permanently and substantially annexed, as is usual in such cases, and could not have been removed without substantial damage to the building and essential injury to themselves. They were appropriate, or at least adapted, to the contemplated use of that part of the realty with which they were connected, and their character and mode of annexation indicate that the intention was to make them a permanent accession to the building, at least so far as Arata's leasehold interest was concerned. If they did not become a part and parcel of the building to this extent, neither do the doors and windows and similar finish in any structure. We are of the opinion that the decree of the court below should be affirmed, and it is so ordered.

AFFIRMED.