Decided 17 July, rehearing denied 9 October, 1906.

**MADDEN *v.* WELCH.**

86 Pac. 2.

DEFECTIVE PLEADING—AIDER BY VERDICT.

A pleading not fatally defective will be aided by a verdict, so that it will be considered sufficient on appeal.

For instance: A complaint showing that between certain dates plaintiff furnished to defendant feed and care for his horses of a stated value, that payment had been demanded and refused, and that the sum stated was due, which is defective in that it does not show either a request by defendant or a promise to pay, is aided by a verdict for plaintiff, on an answer denying the allegations of the complaint, and will be sufficient on appeal.

From Malheur: GEORGE E. DAVIS, Judge.

Statement by MR. CHIEF JUSTICE BEAN.

This is an action by J. E. Madden against Frank Welch, which was originally commenced in a justice's court. The complaint, omitting the formal parts, alleges:

"That between the 1st day of January, 1900, and the 25th day of February, 1905, plaintiff furnished defendant horse feed, consisting of hay and grain, and care and attention for defendant's horses, consisting of feeding and stabling said defendant's horses, to the reasonable amount of $52.68; that plaintiff has often demanded payment of said sum from defendant, but defendant has ever failed and refused to pay the same or any part thereof; that said sum of $52.68 is now due and owing from defendant to plaintiff."

Judgment is demanded for such amount. A demurrer to the complaint, because it does not state facts sufficient to constitute a cause of action, was overruled by the justice, and defendant answered over, denying the material allegations thereof, but made no further appearance in the justice's court. Judgment was there rendered in favor of plaintiff for the amount prayed for in the complaint. An appeal was taken to the circuit court, where the demurrer was again overruled, and trial had before a jury, resulting in a verdict in favor of the plaintiff. From a judgment entered on such verdict, the defendant appeals.                              AFFIRMED.

For appellant there was a brief over the names of *W. R. King* and *William Henry Brooke,* with an oral argument by *Mr. Brooke.*

For respondent there was a brief and an oral argument by *Mr. C. McGonagill.*

MR. CHIEF JUSTICE BEAN delivered the opinion.

The only point made on this appeal is that the complaint does not state facts sufficient to constitute a cause of action, because it does not allege either a request by the defendant to plaintiff to furnish the horses feed, etc., or a promise to pay for the same. But this is a mere defective statement of a cause of action, and was cured by the verdict. A verdict will cure an imperfect statement, or the omission of formal allegations, although it will not supply a total omission to state some fact essential to the cause of action. The rule is that "whenever the complaint contains terms sufficiently general to comprehend a matter so essential and necessary to be proved that, had it not been given in evidence, the jury could not have found the verdict, the want of a statement of such matter in express terms will be cured by the verdict, because evidence of the fact would be the same, whether the allegation of the complaint is complete or imperfect. But, if a material allegation going to the gist of the action is wholly omitted, it cannot be presumed that any evidence in reference to it was offered or allowed on the trial, and hence the pleading is not aided by the verdict": *Booth* v. *Moody,* 30 Or. 222 (46 Pac. 884) ; *Houghton* v *Beck,* 9 Or. 325; *Aiken* v. *Coolidge,* 12 Or. 244 (6 Pac. 712) ; *Gschwander* v. *Cort,* 19 Or. 513 (26 Pac. 621). Now, the issue joined in this case was such as necessarily to require on the trial proof that the feed and care charged for by the plaintiff had either been furnished at the request of the defendant or he had promised to pay for the same, and without such proof it is not to be presumed that the court would have permitted a verdict in favor of the plaintiff, or that the jury would have found such a verdict.

Judgment affirmed.                    AFFIRMED.