Argued April 17, affirmed May 1, 1917.

## COURTS v. CLARK.

(164 Pac. 714.)

**Bailment—Repairs on Automobiles—Liens—"Automobile Repairer."**

1. Under Section 7497, L. O. L., providing that every automobile repairer who has expended labor, skill and materials at the request of the owner, reputed owner or authorized agent shall have a lien on the automobile for the contract price of the expenditure, although he has surrendered possession of the car, a tire seller who employed men to set tires which he sold and who set new tires sold to the reputed owner of an automobile was an "automobile repairer," and was entitled to a lien; the tire being essential to the complete machine.

[As to lien on automobile for repairs or storage, see note in Ann. Cas. 1916A, 630.]

**Bailment—Repairs to Automobile—Liens—Sufficiency of Possession.**

2. Where the reputed owner of an automobile left it with a seller of tires to have a new tire attached and went about his business for a short time, the repairer's possession was of sufficient duration to entitle him to a lien under Section 7497, L. O. L.

From Multnomah: ROBERT G. MORROW, Judge.

Suit by Albert Courts, doing business as the Peerless Tire & Rubber Company, against T. E. Clark and Mitchell, Lewis & Staver Company, a corporation, to foreclose a lien for repair work performed upon an automobile. There was a decree in accordance with the prayer of the complaint and defendants appeal. Affirmed.

Department 2.    Statement by Mr. Justice Moore.

This is a suit to foreclose an alleged automobile repairer's lien. The cause being at issue was tried and findings of fact were made to the effect that at all the times stated therein the plaintiff, Albert Courts, was engaged in business at Portland, Oregon, under the legally assumed name of the Peerless Tire and Rubber Company, selling and repairing automobile tires, and for that purpose kept qualified employees, who removed from motor vehicles old tires and put on new ones; that when such alterations were required by the proprietor or reputed owner of an automobile to be made by the plaintiff, the car would be taken to and for a short time left upon the street in front of his place of business, where his employees raised the end of an axle, removed the bolts, and pried the old tire from the retaining rim, scraped the rust therefrom, attached the new tire, and inflated the inner tube, which service was the only repair work performed by the plaintiff; that on March 16, 1915, and on the 12th of the succeeding month, respectively, the defendant T. E. Clark was in possession and the reputed owner of a Mitchell touring car, particularly describing it, which automobile he drove to the plaintiff's place of business, and on each occasion requested that an old tire be removed from a hind wheel and a new rubber casing and inner tube be attached; that such orders were complied with in Clark's absence and the work was performed in the manner indicated at a total expense of $115.45, which sum was not paid but entered upon the plaintiff's books without any charge being made for the services of his employees; that the automobile referred to had been sold upon the installment plan to Clark by the defendant-the Mitchell, Lewis & Staver Company, a corporation, which retained the title to

the car until the purchase price thereof was paid; that no part of the alleged repairing charge having been liquidated a lien notice was filed and this suit instituted within the time limited therefor; and that in perfecting the lien the plaintiff had incurred an expense of $2.45, giving the items thereof, and was entitled to $25 as a reasonable attorney's fee for foreclosing the lien. As conclusions of law the court also found that the prayer of the complaint should be granted, and having rendered a decree in accordance therewith the defendants appeal.                              AFFIRMED.

For appellants there was a brief submitted without argument by *Messrs. Stapleton & Conley.*

For respondent there was a brief and an oral argument by *Mr. M. O. Wilkins.*

MR. JUSTICE MOORE delivered the opinion of the court.

The statute giving the security designed to be afforded in such a case reads:

"Every * * automobile repairer * * who has expended labor, skill, and materials on any chattel at the request of its owner, reputed owner, or authorized agent of the owner, shall have a lien upon said chattel for the contract price of such expenditure * * notwithstanding the fact that the possession of such chattel has been surrendered to the owner thereof": Section 7497, L. O. L.

It is contended: (1) That the plaintiff, within the language of the enactment, is not an automobile repairer; (2) that he did not expend any labor, services or skill upon the car; (3) that the automobile was never in his possession so as to be the basis of a lien; and (4) that the right to such security is given only

when materials used in repairing a motor car have been furnished in connection with the performance of labor, and then only as an incident to such service. The section of the statute under consideration was amended February 9, 1917, so as to give a lien to any person who furnished an automobile tire at the request of the owner or reputed owner of a motor vehicle: Laws 1917, Chapter 72. The latter enactment is evidently a legislative/interpretation that the prior statute did not grant a lien to any person who merely furnished an automobile tire when no labor, skill, or service was employed in attaching it to the wheel of a car. If that construction were adopted, it is believed the services rendered by plaintiff's employees, as found by the court and hereinbefore stated, constituted the performance of such labor and skill as was contemplated by the statute as a prerequisite to the lien, though no separate charge was made for the work which was accomplished. Whether an automobile tire when thus attached is a part of the car for the purpose of securing the benefits of a statutory lien for the labor so furnished and the material thus supplied is to be determined by an affirmative answer to the inquiry, Is the tire essential to the completeness of the vehicle for the purpose for which it was designed? *Griggs* v. *Stone,* 51 N. J. L. 549 (18 Atl. 1094, 7 L. R. A. 48). Common experience teaches that no automobile, planned to be used with flexible tires, can be driven uninjured any great distance over a rough surface without such cushioned protection to its wheels. When, therefore, an automobile tire has been injured, the car of which it forms a part needs to be restored, and any person who, being engaged in that business, patches the rent or furnishes a new tire and performs the labor necessary to put on and fasten the casing to the wheel of the car,

is an automobile repairer within the meaning of the term as used in the statute and is entitled to the benefits of the lien thus given. Though no separate charge was made by the plaintiff therefor, he caused his employees to expend labor, services and skill upon the car in repairing it by prying off the old tire and putting on the new.

It will be remembered that on the occasions referred to the defendant Clark left the car in the street in front of the plaintiff's place of business, and was absent when the repairs were made to the wheel. While he was away, at least, the plaintiff had such possession of the vehicle as to entitle him to a lien, though the custody of the automobile was surrendered, when the repairs were made, to the reputed owner. The tires were supplied by the plaintiff in connection with the labor which he caused to be performed in making the repairs, and such being the case, no error was committed in declaring the validity of the lien or in foreclosing the security thus given.

It follows that the decree should be affirmed, and it is so ordered.                              AFFIRMED.

MR. CHIEF JUSTICE MCBRIDE, MR. JUSTICE BEAN and MR. JUSTICE MCCAMANT concur.