Submitted on briefs at Pendleton, May 1, reversed and remanded
    July 25, rehearing denied September 19, objections to cost bill
    overruled September 26, 1922.

# DUBY ET AL. *v.* HICKS.

### (209 Pac. 156.)

**Liens—Complaint to Enforce must Allege Facts on Which Validity
    Depends.**

1. A complaint which seeks to enforce a lien must affirmatively
allege the facts upon which the validity of the lien depends.

**Livery-stable and Garage Keepers—Complaint Failing to Allege That
    Lien Notice Contained Every Statement Which by Statute must
    Appear upon Face Did not State Good Cause of Suit.**

2. In a suit to enforce a lien for supplying materials and re-
pairing an automobile, under Sections 10272–10278, Or. L., it was
necessary to allege and prove a substantial compliance with all
the essential requirements of the statute, and that the lien notice,
as required by Section 10273 as filed, contained every statement
which must appear upon the face of the lien notice, and, where the
complaint failed to allege such facts, it failed to state a good cause
of suit.

**Livery-stable and Garage Keepers—Notice Failing to Show Debt in
    Amount for Which Lien Claimed Invalid.**

3. It is essential to the validity of a lien against an automobile
upon which claimants have performed work and furnished material
that the lien shall be a charge upon the property for the payment
of a debt, under Section 10273, Or. L., a valid lien notice must
disclose that a debt does exist, and must show the amount of the
debt for which the lien is claimed, and, if it fails to disclose these
facts, the lien is invalid.

**Livery-stable and Garage Keepers—Where Defects of Complaint to
    Enforce Lien not Supplied by Defendant's Pleadings, No Cause
    of Suit Stated.**

4. Where, in a complaint to enforce a lien on an automobile it
appeared that in the notice filed there was no statement of the
amount for which the lien was claimed, or that the plaintiffs were
entitled to a lien for any amount, and no allegation or fact was
stated in any pleading of defendant by which the allegation missing
from the complaint was supplied or the defect cured, and neither
the original lien notice nor a certified copy thereof offered in evi-
dence, there being neither allegation nor proof that the notice con-
tained the statements, which by Section 10273, Or. L., were essen-
tial to the existence of a lien, the complaint did not state a cause
of action.

**Pleading—Defective Allegations of Complaint Cured by Verdict, but
    Failure to State Cause of Action not Cured.**

5. There is a distinction between defective statement in a plead-
ing of the facts which go to make up a cause of action and a

pleading which fails to state some material and essential fact which goes to the gist of the action, and must be pleaded in order to constitute a cause of action, in that, in the first instance, if the pleading is not moved against or demurred to, the defect will be cured by verdict, while in the other the defect is not cured by verdict.

**Appeal and Error—Pleading—Objection That Complaint Did not State Cause of Action Never Waived.**

6. The objection that a complaint did not state facts sufficient to constitute a cause of action, whether demurred to or not, under Section 72, Or. L., is never waived, and this objection, whether raised in the lower court or not, can be taken advantage of on appeal.

From Grant: DALTON BIGGS, Judge.

In Banc.

This suit was brought pursuant to the provisions of Sections 10272–10278, Or. L., to foreclose an alleged lien against an automobile belonging to defendant, upon which plaintiffs claimed to have performed work and furnished material. Plaintiffs had decree as prayed for. No demurrer was interposed or objection made in the lower court to the sufficiency of the complaint, nor was the same amended. The answer contained no reference to the lien except to refer to it in the following words: "Admits the allegations contained in paragraphs * * five * * of plaintiff's complaint."

Section 10273 provides that the lien notice shall be verified, and "shall state the name of the claimant, the name of the owner, or reputed owner, a description of the chattel, sufficient for identification, upon which the claimant has expended labor, skill, and material, the amount for which the lien is claimed, and the date upon which such expenditure was completed." It also provides that the lien notice "may be in substantially the following form." The form set forth by the statute closes with these words: "that the amount claimant demands for said labor, skill,

and materials so expended is $——; that· no part thereof has been paid except $——, and there is now due and remaining unpaid thereon, after deducting all just credits and offsets, the sum of $——, in which amount he claims a lien upon said property.''

The only reference to the lien sought to be ·foreclosed to be found in the complaint is this language:

''5. That thereafter and on the twenty-third day of July, 1919, less than sixty days after the rendition by plaintiffs of said labor, skill and material, upon said automobile and the delivery thereof to the owner, or his duly authorized agent, plaintiffs prepared and caused to be filed in the office of the County Clerk of Baker County, Oregon, in which said County said labor, skill and material were expended on said automobile, a lien notice which said notice did .state the names of the plaintiffs as lien claimants, the name of the owner or reputed owner of said automobile, a description of the same sufficient for identification, and the date upon which such expenditure was completed, which said notice was duly verified by oath of these plaintiffs and by which the lien of these plaintiffs for said labor, skill and material became effectual.''

REVERSED AND REMANDED.  REHEARING DENIED.

For appellant there was a brief over the name of *Mr. George H. Cattanach.*

For respondents there was a brief over the name of *Messrs. Nichols & Hallock.*

RAND, J.—The defendant contends that the complaint does not state facts sufficient to constitute a cause of suit.  The plaintiffs contend that the complaint is good after decree and this is the only question necessary for decision.

1. A complaint which seeks to foreclose a lien must affirmatively allege the facts upon which the validity of the lien depends. "It must affirmatively appear from the complaint that the notice filed contained all the essential provisions required by statute; that it was proper in form, verified as required and filed within the time prescribed." *Pilz* v. *Killingsworth,* 20 Or. 432, 437 (26 Pac. 305); *Coffee* v. *Smith,* 52 Or. 538, 540 (97 Pac. 1079); *Equitable Savings & Loan Assn.* v. *Hewitt,* 55 Or. 329, 335 (106 Pac. 447); *Craig* v. *Crystal Realty Co.,* 89 Or. 25, 32, 33 (173 Pac. 322); *Christman* v. *Salway,* 103 Or. 666 (205 Pac. 540, 547).

2. It was therefore necessary for the complaint to allege, and for the plaintiffs to prove a substantial compliance with all of the essential requirements of the statute, and that the lien notice, as filed, contained every statement which, by the terms of the statute, must appear upon the face of the lien notice. If the complaint failed to allege any such fact, then the complaint failed to state a good cause of suit. An inspection of the complaint discloses that it fails to allege that any of the statements above quoted from Section 10273, which said section requires to be stated in the lien notice, were stated therein.

The lien claimed was purely a statutory lien, and the sole relief sought was its foreclosure. Being a creature of the statute, its validity depended entirely upon a substantial compliance with the terms of the statute which created it. The statute having expressly directed that certain prescribed statements must be contained in the lien notice, there could be no compliance with the statute unless those statements were contained therein. Without a substantial

compliance with the statute the right to a lien was lost.

3. It is essential to the validity of a lien of this character that the lien shall be a charge upon property for the payment of a debt, and the right which the statute confers is to have that debt satisfied out of a particular chattel. It must be obvious to everyone that, unless there was some debt to be secured, in the nature of things there could be no lien. Under the provisions of our statute, a valid lien notice must disclose that a debt does exist and must show the amount of the debt for which the lien is claimed, and if the lien notice fails to disclose those facts, the lien is invalid.

4. The complaint affirmatively alleged that certain facts were disclosed by the lien notice in question, but from the allegations contained it appears that the lien notice as filed contained no statement of the amount for which the lien was claimed or that the plaintiffs were entitled to a lien for any amount. There is no allegation or fact stated to be found in any pleading of the defendant by which the allegation lacking in plaintiff's complaint is supplied or the defect cured. Neither the original lien notice nor a certified copy thereof was offered or received in evidence. There is, therefore, neither allegation nor proof that the lien notice contained those statements which, by the statute, are essential to the existence of a lien. The complaint, therefore, was fatally defective and did not state a cause of suit.

5. There is a marked distinction between an imperfect or defective statement of facts in a pleading which goes to make up a cause of action, and which, because not properly pleaded, makes the pleading subject to demurrer or motion, and a pleading which

fails to state some material and essential fact which goes to the gist of the action and must be pleaded in order to constitute a cause of action. In the first instance, if the pleading is not moved against or demurred to, the defect will be cured by verdict; while in the other, the defect is not cured by verdict; nor is it ever cured at all unless the adverse party in his pleadings has alleged or admitted the omitted fact. The present case clearly falls within the latter class. It was necessary, under the statute, that the lien when filed should contain a statement of the facts recited in Section 10273. The complaint alleges that certain other statements required by Section 10273 were recited in the lien, but not the ones above referred to. It thus in effect affirmatively appears from the complaint that these statements were omitted from the lien, and being omitted, the lien was invalid; or if not omitted therefrom, then, as the complaint failed to allege that these facts were stated in the lien notice, the complaint failed to allege a necessary and material fact, without which it failed to state a cause of suit.

The law on this subject is so well settled in this state that the question presented here is no longer open. In fact, we know of no question that has been more frequently considered and discussed, or one upon which the decisions of this court have been more uniform, or where the prevailing law on the subject in other jurisdictions has been more in accord with the decisions of this court, than the one presented in the present case.

"A verdict will cure an imperfect statement, or the omission of formal allegations, although it will not supply a total omission to state some fact essential to the cause of action." *Madden* v. *Welch*, 48 Or. 199, 200 (86 Pac. 2).

"A verdict aids an informal statement of facts in a pleading, but will never supply a material averment that goes to the gist of the action." *Philomath* v. *Ingle*, 41 Or. 289, 292 (68 Pac. 803).

Where the complaint fails to state facts sufficient to constitute a cause of action, or suit, the defect is never waived or cured by a verdict or decree. *Keene* v. *Eldriedge*, 47 Or. 179, 181 (82 Pac. 803).

If a material allegation going to the gist of the action is wholly omitted, it cannot be presumed that any evidence in reference to it was offered or allowed on the trial, and hence the pleading is not aided by the verdict. *Madden* v. *Welch, supra.*

"The general rule in such cases is 'that wherever facts are not expressly stated which are so essential to a recovery that, without proof of them on the trial, a verdict could not have been rendered under the direction of the court, there the want of the express statement is cured by the verdict, provided the complaint contains terms sufficiently general to comprehend the facts in fair and reasonable intendment." *Nicolai* v. *Krimbel,* 29 Or. 76, 84 (43 Pac. 865).

"Now, a verdict will cure all mere formal defects in the pleadings, and will aid a defective statement of a good cause of action or defense, although it will not cure the omission of a material allegation." *Creecy* v. *Joy,* 40 Or. 28, 32 (66 Pac. 295).

"3. Where no motion or demurrer has been interposed to a pleading, every reasonable inference should be invoked in its support, and every legitimate intendment indulged in its aid, after verdict." Syllabus, *Patterson* v. *Patterson,* 40 Or. 560, 564 (67 Pac. 664).

"The rule is settled in this state that, while a verdict will never supply the omission of a material averment, it will aid informal defects in the pleading that do not go to the gist of the action." *Patterson* v. *Patterson, supra.*

In *McCall* v. *Porter,* 42 Or. 49 (70 Pac. 820, 71 Pac. 967), it was held that where the defect is one of form and not of substance, when no objection is made thereto, either by motion or demurrer, the defect is waived by pleading over.

"Findings made by a court upon the facts in an action tried before it without the intervention of a jury are deemed a verdict (B. & C. Comp., § 159), and, though a verdict will not supply the omission to state some fact essential to the cause of action, it will cure all formal defects in a pleading, and establish every reasonable inference that can be drawn from the facts stated: *Houghton* v. *Beck,* 9 Or. 325; *David* v. *Waters,* 11 Or. 448 (5 Pac. 748); *Bingham* v. *Kern,* 18 Or. 199 (23 Pac. 182). 'The extent and principle of the rule of aider by verdict,' says Mr. Justice BEAN, in *Booth* v. *Moody,* 30 Or. 222 (46 Pac. 884), 'is that whenever the complaint contains terms sufficiently general to comprehend a matter so essential and necessary to be proved that, had it not been given in evidence, the jury could not have found the verdict, the want of a statement of such matter in express terms will be cured by the verdict, because evidence of the fact would be the same whether the allegation of the complaint is complete or imperfect. But if a material allegation going to the gist of the action is wholly omitted, it cannot be presumed that any evidence in reference to it was offered or allowed on the trial, and hence the pleading is not aided by the verdict.'"

"Where facts which entitle the plaintiff to the relief sought are set out in the complaint and sustained by the testimony, the relief will, after answer and trial, be granted, notwithstanding the complaint may lack some of the requisites of a technical pleading." *Carlyle* v. *Sloan,* 44 Or. 357, 369 (75 Pac. 217).

"No demurrer to the complaint was interposed, in the absence of which every reasonable inference deducible from the pleadings will be invoked in favor of a general verdict, which, though it will not sup-

ply the omission of a material averment, cures a defective statement, if the issue joined necessarily required proof of the facts imperfectly alleged." *Scott* v. *Christenson,* 49 Or. 223, 224 (89 Pac. 376, 124 Am. St. Rep. 1041).

"Where an essential fact has been omitted from the complaint, an issue as to such fact made by the answer and reply cures the defect in the complaint." *Easton* v. *Quackenbush,* 86 Or. 374, 378 (168 Pac. 631); *Treadgold* v. *Willard,* 81 Or. 658 (160 Pac. 803).

Mr. Justice BURNETT, in *Minter* v. *Minter,* 80 Or. 319 (157 Pac. 157), quoted with approval from *Bates* v. *Babcock,* 95 Cal. 479, 482 (30 Pac. 605, 29 Am. St. Rep. 133, 136, 16 L. R. A. 745, 748), an excerpt of which a part is as follows:

"It is only when there is in the complaint an entire absence of averment of fact essential to a recovery, so that no evidence of that fact could be received at the trial, that a judgment in favor of the plaintiff cannot be sustained; but, if the objection be merely that such fact is defectively alleged, evidence received under such averment, if sufficient, will sustain the judgment.

In *Portland* v. *New England Casualty Co.,* 96 Or. 48, 51 (189 Pac. 211), Mr. Justice BENSON quoted with approval an excerpt from *Booth* v. *Moody, supra,* as follows:

"A verdict will cure formal defects in a pleading, such as an imperfect statement, or the omission of formal allegations, and establishes every inference that can be drawn from the facts stated."

"It is general and well-established rule that the failure of a complaint to state a cause of action may be cured by an answer or other pleadings in which the omitted facts are stated; for facts alleged by one party need not be pleaded by the other." 21 R. C. L., p. 492.

"If a necessary allegation is omitted from a pleading and the missing allegation is either alleged or admitted by the pleading of the adverse party, the defect ·is cured * * but a party's pleading is not aided by his own allegations or admissions appearing elsewhere in the record." 31 Cyc., p. 716.

6. The objection that the complaint does not state facts sufficient to constitute a cause of action, whether demurred to or not under Section 72, Or. L., is never waived. It has always been the law in this state that this objection, whether raised in the lower court or not, could be taken advantage of successfully on appeal. The fact that the objection is raised for the first time on appeal does not in the slightest degree detract from the force of the objection, if the same is well taken. Upon this point it is unnecessary to cite authorities, but see *Whitney Company, Limited,* v. *Smith,* 63 Or. 187, 191 (126 Pac. 1000).

For the reason stated, the decree appealed from should be reversed, and the cause remanded with permission to the plaintiff to apply to the court below for leave to amend his complaint in case the lien notice contains all of the statements required by the statute.

REVERSED AND REMANDED.  REHEARING DENIED.
OBJECTIONS TO COST BILL OVERRULED.

Mr. Chief Justice BURNETT, Mr. Justice BROWN and Mr. Justice HARRIS concur.

McCOURT, J., Dissenting.—This is a suit to foreclose a lien which plaintiffs claimed to have on an automobile owned by defendant, for the reasonable worth of labor, skill and materials expended

by plaintiffs upon said automobile at the request of defendant.

It appears from plaintiffs' complaint that the proceedings for foreclosure were initiated in the manner provided by Or. L., Section 10277, for foreclosure of a lien by advertising and sale of the chattel subject to the lien; that plaintiffs between the fifth and fifteenth days of July, 1919, at the request of defendant, expended labor, skill and materials upon defendant's automobile, of a reasonable value of $194.96; that defendant failed and refused to pay plaintiffs said sum or any part thereof, and upon the twenty-third day of July, 1919, plaintiffs prepared and caused to be filed in the office of the County Clerk of Baker County, Oregon, in which plaintiffs expended the labor, skill and materials upon defendant's automobile a lien notice designed and intended by plaintiffs to make effectual the lien to which they were entitled under Or. L., Section 10272; that the sheriff, pursuant to the written directions of the plaintiffs indorsed upon the copy of the notice of lien certified to by the County Clerk of Baker County, did on July 25, 1919, serve upon the defendant a certified copy of the notice of lien, together with an itemized bill of particulars of the demand of plaintiffs, and took into his possession the automobile upon which the lien was claimed; that within ten days thereafter, the defendant delivered to the sheriff a written and verified denial of the allegations and statements contained in the lien notice and bill of particulars and also an undertaking in the penal sum of $389.92, double the amount of the lien claimed by plaintiffs for the redelivery of the automobile to defendant, and that thereupon the automobile was redelivered by the

sheriff to defendant; that the sheriff made due return to the Circuit Court of all the foregoing proceedings, and that ten days had not elapsed at the time of the filing of the formal complaint herein. The complaint prayed for a foreclosure of the lien and sale of the automobile as provided by the statute, or in the alternative, that the defendant pay to plaintiffs the sum which plaintiffs should recover, as provided by the statute and by the undertaking given by defendant.

Upon a trial had in the Circuit Court, a decree was entered in favor of plaintiffs in accordance with the prayer of their complaint. Defendant appeals from that decree.

At the trial defendant conceded, and by his answer he admitted, that plaintiffs expended the labor, skill and materials upon defendant's automobile which they alleged in their complaint, and that the same were of the reasonable worth of $194.96, but defendant alleged in his answer, and contended upon the trial, that all but $50.62 of plaintiffs' claim embraced charges for materials furnished by plaintiffs for the purpose of replacing a portion of the parts of, and accessories to, the automobile, which were lost or stolen therefrom by reason of the negligence of plaintiffs in leaving the automobile upon a public road unprotected. The trial court found against the foregoing contention of defendant.

Defendant in this court for the first time challenges the sufficiency of the complaint upon the single ground that it does not appear from the complaint that plaintiffs' lien notice contained a statement of the amount plaintiffs demanded for the labor, skill and materials expended by them upon the automobile of the defendant.

In order for plaintiffs to make effectual the lien claimed by them and to which they were entitled under the provisions of Or. L., Section 10272, they were required within sixty days from the date of delivery of the automobile to defendant, to file in the office of the County Clerk of the county in which the labor, skill and materials were expended on the automobile, a lien notice, in which they were required upon oath to state among other essentials, "the amount for which the lien is claimed": Or. L., § 10273.

The notice of lien must contain substantially every statement required by the statute, in order to make the lien effectual: *Allen* v. *Rowe,* 19 Or. 190 (23 Pac. 901); *Pilz* v. *Killingsworth,* 20 Or. 435 (26 Pac. 305); *Rankin* v. *Malarkey,* 23 Or. 597 (32 Pac. 620, 34 Pac. 816); *Gordon* v. *Deal,* 23 Or. 155 (31 Pac. 287); *Nicolai* v. *Van Fridagh,* 23 Or. 149, 150 (31 Pac. 288); *Osborn* v. *Logus,* 28 Or. 302, 319 (37 Pac. 456, 38 Pac. 190, 42 Pac. 997). And the complaint for the foreclosure of such a lien, in describing the notice of lien, must affirmatively allege that the notice filed contained all the essential statements required by the statute: *Pilz* v. *Killingsworth,* 20 Or. 432, 437 (26 Pac. 305); *Matthieson* v. *Arata,* 32 Or. 342, 345 (50 Pac. 1015, 67 Am. St. Rep. 535); *Coffey* v. *Smith,* 52 Or. 538, 540 (97 Pac. 1079); *Equitable Savings & Loan Assn.* v. *Hewitt,* 55 Or. 329, 335 (106 Pac. 447); *Craig* v. *Crystal Realty Co.,* 89 Or. 25, 32, 33 (173 Pac. 322).

In view of the foregoing authorities, the claim of plaintiffs was not effectual as a lien, unless they filed a lien notice within sixty days after the labor, skill and materials were expended upon the automobile, which together with other essential statements

required by the statute, contained a statement of the amount for which the lien was claimed.

Plaintiffs did not allege in their complaint that the lien notice filed by them contained the latter statement. The complaint set forth the date and place of filing the lien notice, and with the exception of the blank space which we insert to indicate the position both in the statute and the lien notice of the omitted clause, described the lien notice as follows:

" * * Which said notice did state the names of plaintiffs as lien claimants, the name of the owner or reputed owner of said automobile, a description of the same sufficient for identification, ——, and the date upon which such expenditure was completed, which said notice was duly verified by oath of these plaintiffs and by which the lien of these plaintiffs for said labor, skill and materials became effectual."

Defendant expressly admitted the portion of the complaint above set out. The only direct statement in plaintiffs' pleadings of the amount claimed by them in their lien notice is found in the reply where it is alleged:

"That thereupon the said defendant acting through his said agent Arthur Hicks, did prepare and deliver to plaintiff a check on the First National Bank of Grant County, Oregon, in an amount of $194.96, being the total amount of plaintiff's charges for said services as disclosed by plaintiffs' notice of lien * * ."

Plaintiffs did not upon the trial offer in evidence the lien notice filed by them, but the same was made a part of the record of the cause by the sheriff's return, hereinafter mentioned, and was treated by the parties and the court as though formally introduced in evidence.

The complaint was insufficient as against timely attack made by demurrer or by appropriate motion during the trial and while opportunity might have been given plaintiffs to amend. Until judgment or decree, a pleading is construed most strongly against the pleader as to defects in respect to which objections are available to the adverse party, but after judgment or decree every intendment is indulged in favor of the pleading upon which such judgment or decree is based.

It was alleged in the complaint and admitted by the answer, that preliminary to filing their formal complaint, plaintiffs caused the automobile upon which they claimed a lien, to be attached and taken into possessioin by the sheriff; that incident thereto the sheriff was furnished a copy of the lien notice filed by plaintiffs, certified to be such copy by the County Clerk; that the sheriff served a true copy of that notice on defendant, who delivered to the sheriff a verified denial of all the matter contained in plaintiffs' notice of lien, together with an undertaking as authorized by the statute in the sum of $389.92; that the sheriff made his return showing service by him of said copy of notice of lien, taking into possession the automobile, service upon him, the said sheriff, of the verified denial of the matters contained in the lien notice, defendant's undertaking for redelivery of the automobile, and redelivery of the same to defendant.

In the absence of the undertaking authorized by the statute, the sheriff was required to "retain the possession of said personal property, subject only to the order or orders of the Circuit Court having jurisdiction of the parties, or the subject matter, in a suit to be prosecuted by such lien claimant, which suit shall

be begun and prosecuted within an additional period
of ten days from the time of service upon such of-
ficer of such denial or allegation of payment.''

When the undertaking is given, the statute re-
quires ''a good and sufficient undertaking executed
by one or more sufficient sureties in the sum of not
less than $100, and equal to *double the amount of
the lien claimed,* undertaking to redeliver such chattel
in like order and condition as it was when seized,
to the sheriff * * upon demand of such officer hav-
ing an execution issued upon any judgment, or in
lieu thereof to pay to the lien claimant any judg-
ment which such lien claimant * * may recover
against the defendant * * in any foreclosure suit
* * .''

The statute further provides that when the under-
taking mentioned has been given, ''the Circuit Court
* * shall at the time of rendering judgment and
decree of foreclosure, make and enter an alternative
decree directing the principal and surety to forth-
with surrender said chattel to the sheriff * * , or
in lieu thereof, to pay to the lien claimant the amount
of said judgment.''   Or. L., § 10277.

The statute contemplates that the sheriff shall
report to the court the action taken by him and the
court is required to consider that action and formu-
late its decree in response thereto, as it did in this
suit.   The sheriff's return and accompanying papers
are a part of the record of the foreclosure proceed-
ing in which they are filed.

Elsewhere in the Code we find the following pro-
vision:

''An officer to whom any process, order, or paper
is delivered shall execute or serve it according to
its command or direction, or as required by this

Code or other statute, and must make a written return of the execution or service thereof.'' Or. L., § 1039.

A sufficient return by the sheriff in this instance and one upon which the court could intelligently act in determining what judgment or decree to enter therein and in framing that judgment or decree, required that the certificate of the sheriff should be accompanied by the certified copy of the notice of lien delivered to him by the plaintiffs, a copy of which was served upon defendant, the verified denials of the matter in the notice which were delivered to the sheriff by the defendant, together with the original undertaking given by defendant. Such a return was filed by the sheriff.

An examination of the return discloses that the lien notice filed by the plaintiffs contained the statement, ''that the amount claimants demand for labor, skill and materials so expended is one hundred ninety-four and 96/100 (194.96) Dollars''; and that the verified denial delivered by defendant to the sheriff specifically denies that statement in the following words: ''denies the amount claimants demand for labor, skill, or materials expended on said automobile is the sum of $194.96 or any other sum or amount.'' In his verified denials defendant also specifically denied every other statement in plaintiffs' lien notice. The undertaking which defendant executed and which was returned by the sheriff is in the sum of $389.92, exactly double the sum claimed in the lien notice; Wm. H. Schroeder is the surety thereon.

The undertaking was executed by defendant before the formal complaint was filed or served upon him;

the penal sum thereof was double the amount claimed in plaintiffs' lien notice, as required and provided by the statute, which amount could not have been ascertained by defendant except from the copy of that notice served upon him by the sheriff. In this aspect of the case plaintiffs allege in their complaint and defendant in his answer admitted that defendant gave an undertaking in the sum of $389.92, double the amount for which plaintiffs in their lien notice claimed a lien.

The complaint discloses but one defect, the omission of a clause in the description of the lien notice; the description is complete and sufficient in all other respects. The lien notice contains the clause omitted from the description and it is manifest that its absence from the complaint is due to inadvertence or oversight likely to occur in such cases. The defect would have been corrected upon the slightest suggestion made before or at the trial. The lien notice was a public record, advising defendant even before the complaint was filed that it embodied all the essential statements required by the statute. Defendant could gain no possible advantage from the defect in the complaint, unless plaintiffs remained in ignorance thereof until after decree.

A decree is fortified against objections to a defect in a pleading reserved until the cause is upon appeal by every legitimate inference favorable to the decree and the pleading attacked, that may be drawn from the record. In some cases a defective statement in a complaint, to which no objection had been made until after verdict, has been aided by allegations in the reply: *Denver & R. G. R. Co.* v. *Cahill,* 8 Colo. App. 158 (45 Pac. 285, 287); *Johnson* v. *Cummings,* 12 Colo. App. 17 (55 Pac. 269, 271).

The material allegation here was the description of the lien notice. It was defectively stated, not omitted. The evidence of the fact, to wit: the lien notice, would be the same whether the allegation was complete or defective, in which case the want of statement is cured by decree: *Winters* v. *Frivett,* 86 Or. 501, 506 (168 Pac. 942); *Lindstrom* v. *National Life Ins. Co.,* 84 Or. 588, 596 (165 Pac. 675). In the case last cited many Oregon cases upon the point are collected.

The complaint alleged, and the answer expressly admitted, that by describing the lien notice filed in the complaint, "the lien of these plaintiffs for said labor, skill and material became effectual." The sentence quoted, though a conclusion of law, was used by plaintiffs in attempting to state a material fact, and aids the complaint as against objection made for the first time upon appeal, the record disclosing that the deduction made by the pleader was true: *Creecy* v. *Joy,* 40 Or. 28, 33 (66 Pac. 295).

In view of the foregoing consideration, the defect in the pleadings, of which defendant tardily objects, does not defeat the decree.

Defendant makes the further contention that plaintiffs' possession of the automobile was not sufficient to support a lien. It is settled by the decision of this court that possession such as the plaintiffs had in this case is sufficient to support the lien created by the statute: *Courts* v. *Clark,* 84 Or. 179, 183 (164 Pac. 714); *Hiner* v. *Pitts,* 89 Or. 602, 605 (175 Pac. 133). See *Sumner K. Prescott Co.* v. *Sumner,* 117 Wash. —— (201 Pac. 308, 311).

The decree of the Circuit Court should be affirmed.

McBRIDE and BEAN, JJ., concur in this dissent.