Argued July 14; affirmed July 25; rehearing denied
November 9, 1933

# RUSHLIGHT *v.* SETON ET AL.

(23 P. (2d) 1112, 26 P. (2d) 568)

[1]

*Jay Bowerman,* of Portland, for appellants.

*Arthur M. Dibble,* of Portland (Malarkey, Dibble & Herbring, of Portland, on the brief), for respondent.

BELT, J. A. G. Rushlight died testate on January 6, 1930, leaving an estate with an appraised value of $135,533.95. He left surviving him his widow, the plaintiff herein, and three children, two of whom, namely Juanita Elizabeth, now Juanita Elizabeth Leggett, and a son Willard Allen Rushlight, are the issue of a former marriage. In the will, decedent created a trust estate, the first paragraph of which provides as follows:

"(a) $5,000.00 of said sum of $25,000.00 to be used by my said Trustee for the construction of a five-room dwelling house on the vacant part of the property now occupied by me in Manhattan Heights, Portland, Oregon, for the free use of my wife Agnes Rushlight, as long as she lives and remains my widow; said $5,000 or as much thereof as shall be necessary for the accomplishment of the purpose above stated, is hereby made a charge on my Estate and all the bequests herein."

The property referred to as occupied by the decedent in Manhattan Heights is identified as lots 1, 2

and 3 of block E of Manhattan Heights in the city of Portland, situated on a rather high bluff overlooking the Willamette river and a portion of the business section of the city.

A dispute arose between the widow and the trustees as to the location of the house to be built on the "vacant part" of the property. There was also some controversy concerning the plans and specifications. The trustees determined to erect a house on lot 2 so that it would face east on Seventh street, whereas the plaintiff desired it to be located on the eastern half of the block facing north on Haig street, in order to have the benefit of a better view. On the western part of the block is a large dwelling in which decedent lived until the time of his death. This old house had been partitioned and the eastern half thereof had been rented during the last few years of decedent's life. The property has a frontage of about 193 feet on Haig street on the north and a depth of 116.17 feet on east Seventh street. The southern boundary line running east and west is 170 feet. The western frontage of the block is 119.14 feet.

The trial court, after hearing and an inspection of the premises, enjoined the trustees from locating the house on lot 2 and decreed that it be erected on seventy-five feet of the eastern half of the block and that before constructing the same the trustees should ascertain from plaintiff "what her present wishes and desires are with respect to the plans and style and arrangement of said dwelling house and the rooms thereof and what her present wishes and desires are with respect to where on said parcel of real property said dwelling house shall be located and the direction the same shall face * * *" subject to the limitations of the will. The defendant trustees appeal.

4

We think the trial court made a fair and equitable disposition of this controversy. It is reasonable to assume that the testator, who was once mayor of the city of Portland, intended in the creation of this trust to provide a home for his widow where she could live the remainder of her life in peace and happiness. Such purpose would not be accomplished by compelling her to live in a home in the plans for which she had no voice. It will be observed that the decedent did not specify that the house should be erected upon any particular lot but stated that it was to be built upon the vacant part of the property. We construe this provision of the will to mean that all of the property not utilized for the old dwelling house could be used for the purpose of a home for the widow. We are not unmindful of the duty of the trustees to so administer the estate as to protect the rights of the children having a reversionary interest therein, but it must be borne in mind that the primary object of the testator was to provide a home for the plaintiff. As a cold matter of dollars and cents the action of the trustees in selecting lot 2 as a building site was no doubt sound, but in our opinion it is not in keeping with the true purpose and spirit of the will. Under such circumstances it becomes the duty of a court of equity to so supervise the execution of the trust that the will of the testator will be carried into effect. While the trustees no doubt acted in good faith, it is believed that there was an abuse of discretion in the selection of the building site. It is quite natural that plaintiff should desire a home facing north and overlooking the beautiful Willamette river with the city of Portland in the distance. If A. G. Rushlight could speak from his grave we apprehend that it would be to admonish his trustees to comply with the wishes of his widow in

this respect. While the decree of the lower court is proper in directing the trustees to ascertain from the plaintiff her wishes in reference to the plans and specifications, it must not be assumed that they will be bound to comply with any unreasonable requests concerning the same.

The decree of the lower court is affirmed and plaintiff is entitled to her costs and disbursements.

RAND, C. J., ROSSMAN and KELLY, JJ., concur.

---

Petition for rehearing denied November 9, 1933

ON PETITION FOR REHEARING
(26 P. (2d) 568)

BELT, J. In compliance with the earnest petition for rehearing, we have again examined the record in this case and are satisfied to adhere to the opinion rendered on original hearing. There are no new questions presented.

■ The costs and disbursements awarded plaintiff should be paid by the estate and not from the trust fund. Attorney fees and other expenses incurred in this litigation are matters for determination in the administration of the estate. Much as this court would like to see this unfortunate litigation terminated, it can not, with propriety, decide questions not in issue in the instant proceeding.

The petition for rehearing is denied.

RAND, C. J., ROSSMAN and KELLY, JJ., concur.