Argued September 6; affirmed September 19; rehearing denied
November 9, 1933

# STATE OF OREGON FOR THE USE AND BENEFIT OF
# G. C. DIXON *v.* KUCKENBERG-WITTMAN
# CO., INC., ET AL.

(25 P. (2d) 383, 26 P. (2d) 568)

*Albert W. Gentner,* of Portland, for appellant.

No appearance for respondent.

CAMPBELL, J.  Defendant, Kuckenberg-Wittman Co., Inc., a corporation hereinafter referred to as the corporation, was awarded a contract by the State Highway Commission to construct a bridge on the Ochoco highway across Rock creek in Wheeler county, Oregon. In compliance with the law, it executed a penal bond signed by defendant, the Federal Surety Company of Iowa, a corporation, and hereinafter referred to as the surety, as surety. Oregon Code 1930, § 67-1101. Thereafter the corporation entered into a contract with G. C. Dixon, whereby Dixon was to do certain hauling and perform certain labor and services for it in connection with the construction of said bridge. Dixon performed his part of the contract in so far as said, labor and services were concerned and the corporation became indebted to him for such labor and services in certain sums but failed to make payment. Thereafter Dixon began the instant action in which the plaintiff is designated "The State of Oregon for the use and benefit of G. C. Dixon, plaintiff", in which he alleged the contract between himself and the corporation and alleged that "plaintiff" performed the terms and conditions of the contract in all respects except,

"* * * that the plaintiff, G. C. Dixon, did not furnish to the defendant, Kuckenberg-Wittman Co., Inc., a corporation, receipted payrolls for the men engaged by said plaintiff in said work nor did plaintiff furnish said defendant receipted statements for all supplies contracted by said plaintiff upon said work, for the reason that said defendant, Kuckenberg-Wittman Co., Inc., a corporation, did not pay this plaintiff on the tenth day of the month following the completion of said contract, or at all, and on account of said defendant's failure so to do, plaintiff was prevented from paying said men and for said supplies and from furnishing the above mentioned payrolls and receipted statements''.

The complaint further alleged that $250 was a reasonable amount to be allowed as attorney's fees.

To this complaint, defendants filed a joint answer in which they denied all the material allegations of the complaint, except that they admitted their corporate capacity and the entering into the contract with the State Highway Commission, the execution of the bond, and the entering into the contract with the plaintiff, G. C. Dixon. They denied performance of the terms of the contract by Dixon.

For a further and separate answer and defense, they alleged the making of the contract with Dixon and set up a copy of it and made it a part of the answer as Exhibit "A", and then alleged certain breaches of its provisions by plaintiff Dixon, among others, the breach of the following clause thereof:

"* * * that before payments are made by the first parties on the tenth of the month following completion of the contract, that the second party will furnish to the party of the first part receipted payrolls for men engaged upon said work, and receipted statements for all supplies contracted and used upon the

work. If in the event the party of the second part fails to pay for labor and materials contracted, the party of the first part shall have the right to pay said bills and deduct the amount from the moneys due the party of the second party.''

They further alleged:

''That said Kuckenberg-Wittman Co., Inc., has been advised that said relator, G. C. Dixon, left approximately $600 in unpaid bills for labor and materials, which said relator has failed to pay.''

For a further answer and defense by way of abatement, they realleged the failure of G. C. Dixon to perform that part of his contract requiring him to furnish such statements.

The plaintiff filed a reply denying all the new matter set up in either of the answers.

The parties having waived a jury, the cause was tried to the court who made findings and entered judgment in favor of plaintiff against the corporation and dismissed the action as to the surety.

In the court's memorandum opinion, which was filed in the case as findings, the court found that there was due and owing, from the corporation to the plaintiff Dixon, the sum of $639.37; of this amount, there was outstanding unpaid bills against him for labor and materials used on the contract, $468.14, leaving a net sum due him at the date of the trial of $171.23 and allowed the plaintiff an attorney's fee in the sum of $125 and then found:

''Judgment now should be for plaintiff for $639.37 with costs and attorney fees of $125; these sums to be paid to the clerk of the court forthwith or execution issue. The clerk is authorized to pay to plaintiff or plaintiff's attorney, out of moneys paid in $171.23

and attorney fees and the clerk will hold the balance for later dispensation. All other claims of plaintiff for services are disallowed.

On account of failure to follow the statute the bond is held not liable and the cause is dismissed as to it.''

On this state of the record, the court entered judgment. After stating the formal appearances of the parties, it proceeded:

''* * * and the court, after hearing the evidence, took said cause under advisement, and now, being fully advised, finds that the plaintiff, G. C. Dixon, is entitled to judgment against the defendants, Kuckenberg-Wittman Co., Inc., a corporation, for the sum of Six Hundred Thirty-nine and 37/100 ($639.37) Dollars together with the sum of One Hundred Twenty-five ($125.00) Dollars, attorney's fees, and for his costs and disbursements herein, and that judgment should be entered in favor of the above named plaintiff and against the above named defendant in said sum, it is therefore

ORDERED that the plaintiff have and recover of and from the said defendant, Kuckenberg-Wittman Co., Inc., a corporation, a judgment for and in the sum of Six Hundred Thirty-nine and 37/100 ($639.37) Dollars, for the further sum of One Hundred Twenty-five ($125.00) Dollars, reasonable attorney's fees, and for plaintiff's costs and disbursements incurred herein, and it is further

ORDERED that the said defendant shall forthwith pay to the clerk of the above court the above mentioned sum of money, and that upon receipt thereof, said clerk shall hold and retain the sum of Four Hundred Sixty-eight and 14/100 ($468.14) Dollars to be paid subject to the order of this Court to the debtors of the above named plaintiff as appeared from the testimony at the time of the trial of the above cause. Said sum of Money to be disbursed as later directed by order of this Court. And said clerk shall forthwith pay to said plaintiff, his order, or his attorney, the balance of One Hundred

Seventy-one and 23/100 ($171.23) Dollars. And said clerk shall further pay to the attorney of said plaintiff only, the sum of One Hundred Twenty-five ($125.00) Dollars, attorney's fees, together with plaintiff's costs as appears from the cost bill to be filed herein; and it is further

ORDERED that should said defendants, Kuckenberg-Wittman Co., Inc., a corporation, fail to pay to the clerk of the above Court within five (5) days from the date of this Order the amount required to be paid by them as above mentioned, that execution issue for the purpose of enforcing the within judgment, and in that event, any money collected by any sheriff upon such execution shall be paid to the above mentioned clerk of this court, to be disbursed in accordance with the within judgment, and it is further

ORDERED that the within cause be, and the same is hereby dismissed without cost as against plaintiff as to the defendants, the Federal Surety Company of Iowa, a corporation.''

Defendant corporation appeals.

This cause was brought to this court without a bill of exceptions of any kind. Neither is there any transcript of testimony. The sole question to be determined is the sufficiency of the pleadings and the record presented to support the judgment. Appellant contends:

■ That the complaint does not state facts sufficient to constitute a cause of action against appellant, in that said complaint fails to allege that the relator presented to and filed with the secretary of state, within the time required by law, a notice of plaintiff's claim as provided by Oregon Code 1930, § 67-1101.

If this was an action against the surety only, then there would be no disputing appellant's contention. *Maryland Casualty Co. v. Hill*, 100 Wash. 289 (170 P.

594). The bond having been required by law, the statute pursuant to which it was given becomes a part of it. *Multnomah County v. U. S. Fid. & Guar. Co.,* 92 Or. 146 (180 P. 104).

The appellant argues that because the plaintiff is designated as "The State of Oregon for the use and benefit of G. C. Dixon", this must be an action on the bond only and the court having found that the surety was not liable by reason of the failure of plaintiff to comply with the statute, there could be no recovery against the corporation. It must be remembered that no demurrer or motion of any kind was made against the complaint. The answer of defendants contained all defenses that were, or might have been available, to either defendant by way of denial, of counterclaim or offset, or of abatement. The allegations of the complaint are susceptible of construction showing a cause of action for labor and services in favor of G. C. Dixon against the corporation, independent of the title of the cause or the allegation of the execution of the bond.

"Hereafter any, * * * corporation, entering into a formal contract with the State of Oregon, * * * for the construction * * * or the prosecution and completion of any work, * * * shall be required before commencing such work to execute the usual penal bond with good and sufficient sureties, with the additional obligations that such contractor * * * shall promptly make payments to all persons supplying him or them labor or materials for any prosecution of the work provided for in such contracts, * * * said person or persons supplying such labor or materials shall have a right of action and shall be authorized to bring suit in the name of the State of Oregon * * * for his or their use and benefit, against said contractor and sureties, and to prosecute the same to final judgment and execution; provided, that such person * * * shall not have any right

of action on such bond hereafter given for any sum whatever, unless prior to the expiration of one year immediately following the completion of the contract with an acceptance of the work by an affirmative action of the State of Oregon, * * * such person or persons or corporation * * * claiming to have supplied labor or materials for the prosecution of the work provided for in such contracts * * * shall present to and file with the secretary of state of the State of Oregon * * * a notice in writing substantially as follows:'' Oregon Code 1930, § 67-1101.

Then follows the form of the notice to be filed, setting forth the description of the labor and materials performed or furnished, the name of the principal and surety and a brief description of the work.

The statute then further proceeds:

"Such notice shall be signed by the person or corporation making the claim or giving the notice, said notice after being presented and filed shall be a public record open to inspection by any person". Id.

There is no allegation in the complaint herein of a compliance with the above statute in reference to giving the notice as required therein. It is in fact admitted that no such notice was filed with the secretary of state. The words, "The State of Oregon for the use and benefit of", in the title may well be treated as surplusage. The same may be said of the allegation in reference to the execution of the bond. If this surplusage should be stricken, the complaint would still state a perfectly good cause of action in plaintiff's favor against the corporation, although not against the surety.

It will be observed that the bond required by the statute is the usual penal bond of a contractor for the faithful performance of his contract with the "addi-

tional obligations that such contractor or contractors shall promptly make payments to all persons supplying him or them labor and materials'' for the job. The statute does not give the State of Oregon a cause of action on the bond for the failure of the contractor to make such payments, but does permit any one having a cause against the contractor for such labor and materials to use the name of the State of Oregon as plaintiff. This is simply another way of saying that such party may get the benefit of the bond notwithstanding the bond on its face is executed in favor of the State of Oregon. The statute did not make the State of Oregon plaintiff in the cause, but the person is the plaintiff who has such a claim, in the instant case, G. C. Dixon. If plaintiff has not complied with the terms of the statute in respect to the giving of notice to the secretary of state, which is admitted in the instant case, he cannot recover on the bond. Therefore there could be no recovery against the surety, but his cause of action against the highway contractor, defendant corporation herein, on his contract for labor and materials furnished, would not be defeated.

■ Appellant contends that the complaint is fatally defective, as to both defendants, because it fails to allege that the plaintiff furnished to appellant receipted payrolls and statements of the labor and supplies used upon the job. The contract contains the provision in reference to furnishing such a statement hereinbefore quoted. This is not a vital omission in the absence of demurrer or motion, as the contract provides in the event of plaintiff's failure to furnish such receipted payrolls and statements, the corporation should have the right to pay such bills, ''and deduct the amount from the money due'' the plaintiff Dixon.

There is no allegation in the answer that the corporation did not have sufficient money in its hands due plaintiff, to make such payments.

■ It is contended by appellant that the pleadings are not sufficient to support a judgment in that respondent failed to allege that the material furnished by plaintiff was inspected and passed by the state highway engineer or that the engineer in charge of the work measured the sand and gravel in place.

The contract contained the provision:

"The material must be washed and graded in accordance with the state highway specifications of the State of Oregon, and must be inspected and passed by the state highway engineer on the work. * * * the engineer in charge of the work shall measure the sand and gravel in place, his figures are to be accepted as final."

After judgment the omission of such an allegation was not fatal. It would amount at most to a defective statement. *Davis v. Mitchell,* 72 Or. 165 (142 P. 788); *Duby v. Hicks,* 105 Or. 27 (209 P. 156). The lack of such allegation in the complaint, when not taken advantage of by demurrer or motion, would still leave such defense available to defendants by alleging it in their answer. So far as this court is informed, under the state of the record presented here, these matters may have been proved without objection.

The findings of fact may not be as full as might be desired, yet, in the absence of any request for further findings, they are sufficient. They cover the material allegations of the pleadings.

The learned circuit court determined the amount due plaintiff, entered a judgment that protects defendant against unpaid bills of plaintiff, and having

all the facts before him, wisely disposed of the whole controversy. Courts are not so much concerned with the strict adherence to the refined technicalities of pleadings as they are in seeing that substantial justice between the parties is achieved, that each party has an opportunity to fully present his cause before an impartial tribunal; in other words, that a fair trial has been had according to law. We feel that the circuit court accomplished that in the instant case.

The judgment of the circuit court will be affirmed. It is so ordered.

RAND, C. J., BEAN and BAILEY, JJ., concur.

---

Petition for rehearing denied November 9, 1933

On Petition for Rehearing

(26 P. (2d) 568)

CAMPBELL, J. In his petition for a rehearing, counsel for appellant calls attention to an oversight on the part of the writer of the original opinion in regard to the allowance for attorney's fees.

■ The plaintiff, having failed to establish a cause of action on the bond, was not entitled to attorney's fees.

The judgment will be modified to the extent of the disallowance of the attorney's fees allowed by the trial court in the sum of $125.

It is so ordered.