UNITED STATES for Use and Benefit of BRADY'S FLOOR COVERING, Inc. v. BREEDEN et al.

UNITED STATES for Use and Benefit of KETCHIKAN SPRUCE MILLS, Inc. v. BREEDEN et al.

Nos. A–7413, A–7411.

District Court, Alaska
Third Division, Anchorage.
March 3, 1953.

Cuddy, Cuddy & Dunn, Anchorage, Alaska, for plaintiffs.

Davis, Renfrew & Hughes, Anchorage, Alaska, for defendants.

DIMOND, District Judge.

These cases are brought under the provisions of an act of Congress commonly known as the Miller Act, making provision for bonds of contractors engaged in the construction, alteration or repair of public buildings or public works, approved August 24, 1935, 49 Stat. 793, 794, Title 40, Sections 270a to 270d, inclusive, U.S.C.A. The Act in part requires with relation to such public works contracts:

"* * * (2) A payment bond with a surety or sureties * * * for the protection of all persons supplying labor and material in the prosecution of the work provided for in said contract for the use of each such person. * * *"

Cause No. A–7413 embraces three separate causes of action, two asserted by plaintiff, Brady's Floor Covering, Inc. in its own behalf, and one on an assigned claim. In No. A–7411, sixteen separate causes of action are pleaded, one asserted by the plaintiff, Ketchikan Spruce Mills, Inc., in its own behalf, and the others on assigned claims.

Breeden and Smith, defendants in each case, are insolvent, and so the several claims are asserted against the defendant, General Casualty Company of America, in No. A–7413, and against the defendant, Continental Casualty Company, in No. A–7411.

The parties have agreed upon the several amounts due the plaintiffs and they have either been paid in fact or payment will be assuredly made at an early date and so no question concerning payments of the principal sums demanded is involved.

The issue here presented arises out of the claims of the plaintiffs, in one case for both interest and attorneys' fees and in the other case for attorneys' fees only. The claims for attorneys' fees are based upon the provisions of Sections 55–11–51 and 55–11–52 of Alaska Compiled Laws Annotated, 1949, which read as follows:

"§ 55–11–51. Compensation of attorneys. The measure and mode of compensation of attorneys shall be left to the agreement, expressed or implied, of the parties; but there may be allowed to the prevailing party in the judgment certain sums by way of indemnity for his attorney fees in maintaining the action or defense thereto, which allowances are termed costs.

"§ 55–11–52. Costs allowed of course to plaintiff. Costs are allowed, of course, to the plaintiff upon a judgment in the district court in his favor in the following cases:

"First. In an action for the recovery of the possession of real property, or where a claim of title or interest in real property, or right to the possession thereof, arises upon the pleadings, or is certified by the court to have come in question upon the trial;

"Second. In actions for fines and forfeitures, and the actions provided for in chapters two and four of title fifty-six;

"Third. In an action involving an open mutual account, where it appears to the satisfaction of the court that the sum total of such accounts of both parties exceeds one hundred and fifty dollars;

"Fourth. In an action for the recovery of personal property;

"Fifth. In an action not hereinbefore specified, for the recovery of money or damages, when the plaintiff shall recover fifty dollars or more.

"But in an action for assault, battery, false imprisonment, libel, slander, malicious prosecution, criminal conversation, seduction, or breach of promise of marriage, if the plaintiff recovers less than fifty dollars damages, he shall recover no more costs and disbursements than damages; and in an action to recover the possession of personal property, if the plaintiff recover property or the value thereof, as established on the trial, and damages for

the detention of the same, in all less than fifty dollars, he shall recover no more costs and disbursements than the sum of such value and damages."

■ The sections of our procedural statutes above quoted are part of an act of Congress approved June 6, 1900, entitled "An Act Making further provision for a civil government for Alaska, and for other purposes." 31 Stat. 321. While the allowance of attorneys' fees to the prevailing party under this law is customarily made in the Courts of Alaska, such allowance is discretionary, Columbia Lumber Company, Inc., v. Agostino, 9 Cir., 184 F.2d 731, 736.

■ The several defendants, General Casualty Company of America in Cause No. A–7413 and the Continental Casualty Company in Cause No. A–7411, object to the allowance of any attorneys' fees whatever in these cases upon the ground that the Miller Act does not envisage or provide for or allow the imposition of attorneys' fees upon the sureties in payment bonds, and defendants cite especially the case of United States to Use of Watsabaugh & Co. v. Seaboard Surety Co., 1938, 26 F.Supp. 681, 693, an opinion of the District Court for the District of Montana.

We must first consider the precise language of the Miller Act in this respect, which is that the payment bond is given "for the protection of all persons supplying labor and material in the prosecution of the work provided for in said contract for the use of each such person." No specific limitation has been found in this act or any other Federal law which forbids the allowance of attorneys' fees as part of costs for the persons who are obliged to bring suit on surety company's bonds. The text of the law would indicate it must have been the purpose of Congress to protect *all persons* supplying labor and material in the prosecution of work upon such contracts. Surely, the Congress cannot have contemplated that the persons supplying such labor and material should be obliged, in the event of the default of the contractors, to pay to their own attorneys without recompense a substantial portion of the amounts actually due them for the labor and materials sup-

plied to the contractors. Such a rule would penalize the suppliers to the advantage of the sureties on the contractors' bonds. The protection demanded by the law is full protection to the suppliers and not partial protection, as would be the case if the attorneys' fees of the suppliers who are obliged to bring suit, could not be taxed as a part of the costs.

In the Montana case cited above, the decision rested upon the local statutes of Montana which apparently failed to make any provision for allowance of the attorneys' fees for the prevailing parties in suits brought in that State.

In Alaska, not only does the local statute quoted above make such provision, but it is itself an act of the Congress of the United States, although of only local application, and there is nothing in the act which indicates that its provisions would not be applicable to suits brought on a contractor's bond such as we have before us here. It will be noted that our law itself in Sections 55–11–51 and 55–11–52 does impose limitations, but neither those sections nor any other part of our laws contain provisions which would justify the Court in depriving the plaintiffs in this action of the "protection" which is guaranteed by the Miller Act and which the Miller Act was in part passed to accomplish. Denial of attorneys' fees and other costs in these cases would be so far contrary to justice as to be unconscionable. This conclusion is completely in harmony with the decision, without written opinion, of this Court given by the undersigned more than 18 months ago, in the case of United States of America, for Alaska Plumbing and Heating Co., Inc., v. Russell and Sorensen and Continental Casualty Company, Cause No. A–6143, without written opinion.

The same basic rule applied to one plaintiff's claim for interest demands the same answer. Interest must be paid as well as principal. Fidelity & Deposit Co. v. United States, to Use of Fowden, 3 Cir., 1916, 229 F. 127. Since no request has been made that the Court fix the amount of attorneys' fees, or the rate or time duration of the interest period, no decision is now made with respect thereto.