Argued July 12, affirmed November 9, 1960

## STATE OF OREGON ex rel GRINNELL COMPANY v. E. H. WHITE CO., INC., ET AL

356 P. 2d 943

*Frank L. Whitaker*, Portland, argued the cause and filed the briefs for appellants.

*Herbert W. Anderson*, Portland, argued the cause for respondent. With him on the brief were Koerner, Young, McColloch & Dezendorf and James H. Clarke, Portland.

Before McAllister, Chief Justice, and Warner, O'Connell, Goodwin and Millard, Justices.

PER CURIAM.

This is an action by plaintiff, Grinnell Company (hereinafter called Grinnell), as assignee of Richard W.

Hill, against the defendant contractor E. H. White Co., Inc. (hereinafter called White Co.), and defendant General Casualty Company of America (hereinafter called Casualty Co.) to recover the balance due on the claim of Hill from White Co. and the Casualty Co. From a judgment in favor of plaintiff, following a trial before the court without a jury, the defendants appeal.

The White Co. contracted to build a unit of a state armory at Hood River, Oregon. The Casualty Co., as required by ORS 279.510, executed a bond as surety for the White Co. performance.

White Co. subcontracted to Hill work and material needs in accordance with the armory's plumbing and heating specifications. Hill, shortly thereafter, assigned to Grinnell all moneys due him under the subcontract. White Co. failed to make full payment to Hill, hence this litigation.

■ In order to facilitate a better understanding of our conclusions with reference to defendants' first assignment of error, we set it out in its entirety. It reads:

"The trial court erred in holding that the Plaintiff was entitled to maintain its action and recover judgment against Defendants despite its admitted failure to comply with ORS 279.512 and following sections, particularly ORS 279.526 and conversely in holding that such notice as was subsequently given by Plaintiff's assignor was sufficient to enable Plaintiff to sue and recover judgment.

"This assignment of error arises by virtue of

"(1) the trial court's denial of Defendants' motion for non-suit or dismissal at conclusion of plaintiff's case in chief (Exception No. 2—B.E. 3, 4 and 5);

"(2) the court's entering Finding of Fact, paragraph numbers 12, 13 and 14;

"(3) the court's entering Conclusion of Law number 3 (Exception No. 3—B.E. 5, 6 and 7), and

"(4) the court's denying the allegations and prayer of Defendants' affirmative answer seeking dismissal of Plaintiff's complaint for failure to comply with ORS 279.512; and

"(5) the court's entering judgment for Plaintiff."

We first note the following statement in defendants' reply brief narrowing its scope and clarifying the purport of the assignment:

"This appeal does not involve the propriety of the court's ruling on Defendants' Motion for Non-Suit; nor the Findings of Fact, Conclusions of Law, or the court's refusal to dismiss as per prayer of Defendants' Answer.

"The only thing involved in Assignment of Error No. 1 is whether the Judgment, as entered, can be supported by the Findings of Fact. Reference to these other points was simply to show that objection was made and exception preserved at every possible step of the way."

While we appreciate this belated statement as an aid to our own endeavors, we deplore defendants' failure in their initial presentation of the assignment to observe the rules of the court and customary practice in matters of this kind. It is obvious that had they done so, plaintiffs would have been spared time, labor and additional expense in the preparation of their answering brief.

Even with this amendment of the first statement, the assignment still fails to comply with Rule 16[1], requiring a clear and succinct statement. It also fails

---

[1] The rule as numbered prior to the revision effective January 1, 1960. It is presently Rule 19.

to supply a condensed statement of facts showing wherein the evidence demonstrates error in the findings challenged.

We assume the intended effect of the foregoing excerpt from the reply brief is to limit our attention to item (2) of the assignment, which points with particularity to paragraphs 12, 13 and 14 of the Findings of Fact.

Our quest is, however, restricted by the state of the record. The bill of exceptions includes only a partial transcript of the testimony. This is too limited to serve any purpose here. It consists of only two pages which reflect a verbatim presentation of defendants' motion for nonsuit and the court's ruling in denial.

This court has consistently held that the findings of the trial court cannot be set aside on appeal if there is any competent evidence to support them. *Stark v. SIAC,* 103 Or 80, 102, 204 P 151 (1922). Any determination as to the insufficiency of the Findings of Fact must be sought in the reported evidence, otherwise the findings as made must stand. Defendants' assignment states that the court erred in granting "judgment against Defendants despite its [plaintiff's] *admitted* failure to comply" with certain statutes mentioned. (Emphasis supplied) How, for example, is this court to discover such admissions, if any, with no adequate record to review?

We find no merit in the first assignment of error.

Defendants' second assignment, stated in its entirety, urges: "The trial court erred in holding that Exhibit 3 applies to 'monies to become due,' rather than limiting it to 'money due' as therein provided (Exception No. 3—B.E. 5, 6 and 7)."

Exception number 3 points to Finding number 12. The court therein finds Hill, on April 29, 1955, assigned

to plaintiff all his right, title and interest in "monies due or to become due" from White Co.

Exhibit 3 referred to in the assignment of error is a letter of the subcontractor Hill, addressed to the defendant White Co., authorizing it "to pay all money due" Hill on the armory job to the Grinnell Co. It carries an acceptance by the White Co.

■ The second assignment of error is also without merit, as we do not have before us a complete record of the testimony to consider in connection with Exhibit 3. The need for this is evident from a reading of defendants' bill of exceptions, where we find they have included and rely upon the court's memorandum decision, which states: .

"Plaintiff supports the assignment by Exhibit 3 and the testimony of Hill and Harri. * * *

"* * * the impact of all the evidence and the conduct of the parties impels the conclusion that a full assignment was intended and that Exhibit 3 should be recognized as the instrument of accomplishment. * * *"②

The nature of the testimony adduced by the witnesses Hill and Harri and of possibly others bearing on the assignment is denied to us by appellants' failure to bring forward a complete transcript.

But we need not rest our conclusion solely upon the quoted portions of the trial court's memorandum. We think the rule stated in *Raiha v. Coos Bay Coal & Fuel Co.*, 77 Or 275, 283, 151 P 471 (1915), with reference to the revealing character of instructions applies with equal force to Findings of Fact. Chief Justice MOORE, speaking for the court, there says, at page 283:

"When a bill of exceptions does not purport to contain the evidence, and fails to state that no

---

② The defendants also spread this decision on pages 8 to 12, inclusive, of their first brief.

testimony was offered on a particular issue, it will be presumed, from the instructions given in respect to facts disputed by the pleadings, that such parts of the charge were predicated on testimony that had been received: * * *."

For the reasons given, we find no merit in the second assignment of error.

■ Defendants' next and last assignment is addressed to the allowance of attorneys' fees to plaintiff in the trial court. This was made pursuant to ORS 736.325(1). Defendants rely on *State ex rel Dixon v. Kuckenberg-Wittman Co., Inc.,* 145 Or 33, 43, 26 P2d 383, 26 P2d 568 (1933), where it was correctly held that plaintiff subcontractor, having failed to establish a cause of action on the contractor's bond, was not entitled to attorneys' fees although obtaining judgment against the defendant contractor. In this matter, however, plaintiff obtained, and was entitled to, judgment against the defendant contractor and its surety and is, therefore, entitled to the allowance made.

The plaintiff relying on subsection (2) of ORS 736.325, supra, now applies for an additional allowance upon our affirmance of the judgment. We find that an allowance of $500 is a reasonable amount for services rendered in this court.

Affirmed.