UNITED STATES of America, for the Use and Benefit of EOFF ELECTRIC COMPANY, a corporation, Plaintiff,

v.

Richard E. MANN, an individual, doing business under the name of Mann Construction Co., and United Pacific Insurance Company, a corporation, Defendants.

Civ. No. 371-59.

United States District Court
D. Oregon.
July 25, 1961.

Malcolm F. Marsh, Salem, Or., and Francis E. Marsh, Marsh, Marsh, Dash-ney & Cushing, McMinnville, Or., for plaintiff.

Kenneth E. Roberts, Mautz, Souther, Spaulding, Kinsey & Williamson, Portland, Or., for defendants.

EAST, District Judge.

Following the trial of United States of America for the use and benefit of Eoff Electric Company (Eoff), a corporation, plaintiff, vs. Richard E. Mann, an individual doing business under the name of Mann Construction Co. (Mann), and United Pacific Insurance Company, a corporation (Surety), defendants, counsel having filed their written memorandums and the Court having perused them and heard oral arguments of counsel and not being fully advised in the premises, took the matter under advisement.

The Court now having reviewed the records and files and being further advised in the premises, enters this opinion.

I find that Eoff under its first cause of action and at the special insistence and request of James O. Newell (Newell), between the dates of July 22, 1958 and December 29, 1958, under a single open account, sold and delivered to Newell at Burns, Oregon, certain electrical materials and supplies of the aggregate reasonable value of $18,742.98, of which materials, having a reasonable value of $3,092, were returned to Eoff and credit granted therefor to Newell during January, 1959, or of a net reasonable value of $15,050.98. During said times Newell was an electrical subcontractor under two separate written subcontracts with Mann, who was the prime contractor for the United States for the construction of certain buildings at Burns Air Force Base, Burns, Oregon (being prime contract No. DA–45–108 ENG.–4513), the first subcontract being dated April 17, 1958, for the construction of a so-called automatic operations building at said base, and a second subcontract, dated June 23, 1958, for the construction of so-called receiver-transmittal buildings.

I also find that Eoff at no time until on or about March 10, 1959 (when Newell made a tender of payment which was unacceptable to Eoff), had any knowledge or opportunity to know, but on the contrary was surreptitiously led to believe that Newell had only one subcontract or arrangement with Mann for the electrical installations in the three buildings, rather than the actual two separate and distinct subcontracts for the electrical requirements of the mentioned three buildings.

I also find that Eoff dealt with Newell throughout the entire transaction between them, lasting for some time after February 23, 1959, under a single open account, without designation or segregation of the electrical materials and supplies so furnished to Mann for any building at Burns and for use in the performance of his subcontracts.

It is agreed among the parties that Surety was and is a corporation organized and existing under the laws of the State of Washington and is duly qualified to engage in the corporate surety business in the State of Oregon. That on or about the 23rd day of June, 1958, Mann, as principal, and Surety, executed and delivered to the United States a payment bond in the penal sum of $35,057.50, by the terms of which they bound themselves for the payment of all labor and materials used in the completion of Mann's prime contract aforesaid.

■ I find that on or about January 23, 1959, Eoff notified Mann in writing of the unpaid claim and account for electrical materials and supplies delivered to Newell as aforesaid, which letter was sent by registered mail and received by Mann within 90 days from the date of delivery of the last materials by Eoff to Newell as aforesaid, and claimed a balance due in the amount of $11,670.48. Further, that on August 3, 1959, a letter was sent from the firm of Goodenough, Clark & Marsh to Surety in relation to Contract DA–45–108–ENG–4513, making demand upon Surety for $11,670.48. I conclude that Eoff's first cause of action is brought under and pursuant to the provisions of the Miller Act, 40 U.S. C.A. §§ 270a through 270d, inclusive, and this Court has jurisdiction of the same under Sec. 270b of said Act.

■ I find that on or about July 15, 1958, Eoff requested and received from Newell an assignment in the amount of $10,000 of all moneys which were due or becoming due to Newell from Mann, and further that on December 6, 1958, an additional and like assignment of the amount of $3,000 was requested and received by Eoff from Newell, all with reference to the receiver and transmittal buildings contract, and that both of these assignments were duly accepted by Mann.

■ I find that prior to or at about the time of the assignments by Newell to Eoff in the aggregate of $13,000 on the receiver and transmittal buildings contract, Newell had assigned to the United States National Bank of Portland all moneys due and becoming payable to Newell under the automatic operations building contract dated April 17, 1958, as security for payroll demands and that thereby Newell intended to and did mislead Eoff, to its detriment and loss, by failing to disclose the existence of two contracts, leading Eoff to believe that Mann was operating under a single subcontract with Mann. I find it was not until August 25, 1959, that Eoff learned that Newell had been operating under two separate subcontracts. I find it was the purpose of Newell, with the knowledge of Mann, that Eoff should not know of the existence of the automatic operations building subcontract else he require an assignment of money due or becoming payable thereunder. It is my conclusion and holding that Eoff's letter of February 23, 1959, addressed to and received by Mann as aforesaid, claiming a true balance due in the amount of $11,670.40 for electrical materials and supplies furnished to Newell, all as aforesaid, constitutes good and sufficient 90-day notice under the provisions of the Miller Act of Congress aforesaid, for the total balance of the single open account as claimed by Eoff to Newell.

■ I conclude that Surety is responsible for its principal Mann for true performance of his subcontracts, and it cannot escape liability because of the inequities practiced upon Eoff by Mann. Under the status of this holding, any question of the assignments by Newell to Eoff constituting an application of funds or payments upon a given account, as well as whether a creditor or debtor may designate applications of payments to a given account in the event of two or more accounts between them, becomes moot.

■ On February 23, 1959, the die had been cast, and subsequent disclosures over which Eoff had no control or reason to anticipate cannot defeat his valid claim against Surety on the first cause of action under the Miller Act aforesaid.

I find that there was, on February 23, 1959, and there is now due from Newell to Eoff, the following adjusted amount:

Reasonable value of electrical goods
and supplies actually delivered to
Newell at Burns, Oregon ............ $18,742.98

Credit for materials and
supplies returned by
Newell and accepted by
Eoff .................... $3,092.00

Cash payment Oct. 28, 1958 ...... 851.00
Cash payment Dec. 22, 1958 ...... 3,129.50

Total credits ...... 7,072.50
Balance Due ...... $11,670.48

together with interest thereon at the rate of six per cent per annum from August 3, 1959, being the date of demand therefor upon Surety. 30 Am.Jur. Sec. 46, Interest, p. 46; United States for Use of Baltimore Cooperage Co. v. McCay, D.C., 28 F.2d 777. I conclude therefrom that Eoff is entitled to judgment against Surety for said principal sum and interest, plus costs of actions on Eoff's first cause of action. Eoff's claim for reasonable attorney's fees under his first cause of action is denied. United States v. Maryland Casualty Co. (D.C.Or., Fee, J.); United States v. Swendig (D.C.Or. No. 7660), Solomon, J., following Fee.

I conclude that Eoff's second and third causes of action should each be dismissed without costs to either party. Counsel for Eoff is requested to submit appropriate findings and conclusions and decree of judgment on its first cause of action in accordance with the foregoing, and orders of dismissal of its second and third causes of action, without cost to any party.