The UNITED STATES of America, for the Use and Benefit of PUGET SOUND DREDGING COMPANY, a corporation, Plaintiff,

v.

E. H. ELWIN, d/b/a Denali Engineering Company, and A. Walter McCray, d/b/a McCray Marine Construction Company (a joint venture) and Seaboard Surety Company, a corporation, Defendants.

No. K-1-60.

United States District Court
D. Alaska,
at Ketchikan.
Sept. 15, 1961.

Stanley B. Long, Walter B. Williams, Bogle, Bogle & Gates, Seattle, Wash., Robert Boochever, Faulkner, Banfield, Boochever & Doogan, Juneau, Alaska, for plaintiff.

W. C. Stump, Stump & Bailey, Ketchikan, Alaska, Walter J. Reseburg, Jr., Reseburg, Duncan & Therriault, Seattle, Wash., for defendant.

EAST, District Judge.

This matter came on for hearing upon the reserved issue of allowance to the beneficiary of reasonable attorneys' fees for the institution and prosecution of this action. By consent of parties and all counsel, testimony on this segregated reserved issue was taken at Portland, in the District of Oregon, for the convenience of parties, witness and counsel.

■ By way of comment, the late Chief Judge James Alger Fee, of the United States District Court for the District of Oregon, in Civil No. 12183 (1934), held that Title 40 U.S.C.A. §§ 270a and 270d (Miller Act) was silent upon the question of allowance of attorneys' fees in behalf of the beneficiary, and, inasmuch as relief under the Miller Act was purely pursuant to the Acts of Congress, Oregon state law could not supply the want and therefore attorneys' fees were not recoverable. Chief Judge Solomon of this District, in United States of America for Use and Benefit of Brown v. Swendig, et al, Civil No. 7660, and this Court, in United States of America for Use and Benefit of Eoff Electric Co. v. Mann, et al., D.C., 196 F.Supp. 185, adopted this holding as the law of this District. However, the matter at hand is one from the District of Alaska. I think the following rule of the Fifth Circuit is a sound rule and should be applied herein:

"Appellees do not raise the question as well they might, of whether the Miller Act, 40 U.S.C.A. §§ 270a–270d, permits the imposition of attorney's fees upon the sureties in payment bonds. Having ourselves raised up that straw man, we knock it down with the observation that, in suits under the Miller Act, the recovery of interest, costs, and attorney's fees is governed by the state law. See Illinois Surety Co. v. John Davis Co., 244 U.S. 376, 381, 37 S. Ct. 614, 61 L.Ed. 1206. The allowance of attorney's fees under such a bond was fully considered and discussed in United States for Use and Benefit of Brady's Floor Covering v. Breeden, D.C.Alaska, 110 F.Supp. 713, 715 [14 Alaska 214], and United States for Use and Benefit of Magnolia Petroleum Co. v. H. R. Henderson & Co., D.C.W.D.Ark., 126 F. Supp. 626, 637; see also, authorities collected in last cited case. Clearly, the judgment should include interest at the rate fixed by Texas law, accruing after notice to the surety of default of the principal." United States for the Use and Benefit of Caldwell Foundry & Machine Co., Inc. v. Texas Construction Company, 237 F.2d 705, 706–7 (5th Cir. 1955), certiorari denied 350 U.S. 895 [76 S.Ct. 154, 100 L.Ed. 787]. See also United States for Use and Benefit of Midwest Steel & Iron Works Co. v.

Henly, et al. (Miller Act suit), 117 F.Supp. 928, 931–2 (D.Idaho 1954):

"The contract in question here was a contract to be performed in Idaho and the bond was given for its faithful performance. The defendants failed to perform this obligation until after suit was filed. It was necessary in the preparation and filing of this action to employ attorneys. The bonding company was engaged in a business in this state, the entering into of which was permitted by the legislature. The defendants entered into this contract with knowledge of the existence of the police power of the state to provide such laws as will promote the general welfare of its people.

"As has been stated in numerous decisions, all contracts are entered into with the understanding that the reserve power of the state to pass laws for the general welfare may be invoked at any time and therefore if the legislature in the proper exercise of that power is convinced that the public good demands that an insurance company unsuccessfully resisting payment should pay attorneys' fees, there is no constitutional objection to their doing so."

The State of Alaska statute (identical with the Territory of Alaska statute), A.C.L.A. § 55–11–51, provides as follows:

"Compensation of attorneys. The measure and mode of compensation of attorneys shall be left to the agreement, expressed or implied, of the parties; but there may be allowed to the prevailing party in the judgment certain sums by way of indemnity for his attorney fees in maintaining the action or defense thereto, which allowances are termed costs."

Defendants herein assert that the two Alaska cases Soby v. Johnson, 270 F.2d 193 (9th Cir., 1959) and United States, etc. v. Breeden, 110 F.Supp. 713, 14 Alaska 214 (D.Alaska 1953) (note: the Breeden case is cited in the Texas

Construction Company case, supra), are not binding because they dealt with the law of the Territory of Alaska prior to statehood and therefore were Federal in nature rather than state. Be that as it may, this action has been prosecuted and will go to judgment subsequent to the statehood of Alaska. The beneficiary is entitled to the benefit of any remedial state law. See Henly, supra.

This Court is of the opinion that the beneficiary is entitled to recover indemnification for its reasonable attorneys' fees in maintaining this action.