UNITED STATES for the Use and Benefit of WESTERN STEEL COMPANY, a Utah corporation, Plaintiff,

v.

The RELIANCE INSURANCE COMPANY OF PHILADELPHIA, PENNSYLVANIA, a Pennsylvania corporation, Defendant.

Civ. No. 277.

United States District Court
D. Montana,
Billings Division.
March 20, 1964.

Wilford M. Burton, Salt Lake City, Utah, for plaintiff.

Louis F. Racine, Jr., Pocatello, Idaho, for defendant.

EAST, District Judge.*

In this Miller Act (§§ 1, 4, Title 40 U.S.C.A. §§ 270a, 270d) action the use plaintiff has recovered over the contest of the defendant a judgment for the unpaid contract price of material furnished the general contractor, and the defendant now contests the right of the use plaintiff to recover additional sums as reasonable compensation for attorneys who instituted and prosecuted the proceedings through trial successful to the use plaintiff. The Court having received counsel's advice through written brief on this segregated issue of the right to recover attorney's fees and now being advised, enters this memorandum decision.

True, the Miller Act contains no provision for the recovery of reasonable compensation for attorneys by a prevailing use plaintiff, and, hence, some courts have held that there is no office for the allowance and fixing of such attorney's fees, i. e., United States District Court for the District of Oregon, commented on in United States f/u/b of Puget Sound Dredging Co. v. Elwin, et al., 219 F. Supp. 418, 419 (D.Alaska 1961).

Other courts with better advice have held that:

"  *  *  *  in suits under the Miller Act, the recovery of interest, costs, and attorney's fees is governed by the state law."

United States f/u/b of Caldwell Foundry & Machine Co., Inc. v. Texas Construction Co., 237 F.2d 705, 706–707 (5th Cir. 1955); United States f/u/b of of Midwest Steel & Iron Works Co. v. Henly, et al., 117 F.Supp. 928, 931–932 (D.Idaho 1954); and United States f/u/b of Puget Sound Dredging Co., supra.

Exhaustive search by counsel and the Court does not reveal that the United States District Court for the District of Montana has dealt with this issue, and, therefore, it is here to be now in the first instance dealt with, resolved and adjudicated.

I conclude that the rule of state law applicability is the more sound rule, both public policywise and judicially, and, accordingly, should be adopted in these proceedings.[1]

Of course, the jurisdiction of this Court in these proceedings is based sole-

---

* WILLIAM G. EAST, District Judge for the District of Oregon, on general assignment to the District of Montana.

1. In United States v. to Use of Watsbaugh & Co. Seaboard Surety Co., 26 F.Supp. 681, 693 (D.Mont.1938), Judge Baldwin denied the recovery of attorney's fees upon a contractor's bond supplied as required by the Heard Act, for the reason that attorney's fees were not recoverable at common law and that statutory authorization was therefore required. Although § 6–404 R.C.M.1947, enacted in 1931 was then in effect, the section was not mentioned or dealt with in the opinion.

ly upon the Act of Congress involved. Therefore, we cannot directly deal with applicable remedial acts of the Legislature of Montana for Montana courts, if any there may be, but instead we must look to such remedial acts for guidance as to the legislative announcement of the public policy of the state.[2]

Sections 6–401 through 6–404 R.C.M. 1947 relate to public works contractors' bonds and are the Montana equivalents of the Miller Act, and therefore must be deemed to be the legislative-announced public policy of that state as to court remedies in favor of suppliers and materialmen to general contractors engaged in public works and available to persons suing for and making recovery upon surety bonds furnished and supplied in compliance with the legislation. Section 6–404, supra, provides, inter alia:

> "In any suit or action brought against any such surety or sureties by any such person or corporation * * * the prevailing party shall be entitled to recover * * * attorneys' fees in such sum as the court shall adjudge reasonable."

Since the rule of state law applicability applies, this Court must employ the public policy of the State of Montana, as announced in the provisions of § 6–404, as a remedial adjunct to the Miller Act.

Accordingly, I hold that the prevailing use plaintiff herein is entitled to recover as compensation for its attorneys such sum as the Court shall adjudge reasonable for the institution and prosecution of these proceedings. In the event the parties cannot stipulate as to a reasonable amount to be recovered as such attorney's fees, the Court will, upon application of the use plaintiff, set the matter for hearing.

---

2. "'As has been stated in numerous decisions, all contracts are entered into with the understanding that the reserve power of the state to pass laws for the general welfare may be invoked at any time and therefore if the legislature in the proper exercise of that power is con- vinced that the public good demands that an insurance company unsuccessfully resisting payment should pay attorneys' fees, there is no constitutional objection to their doing so.'" Puget Sound, supra, 219 F.Supp. 418.