UNITED STATES of America, for the Use and Benefit of WESTERN STEEL COMPANY, a corporation, Plaintiff,

v.

The TRAVELERS INDEMNITY COMPANY, a corporation, Defendant.

Civ. No. 63–423.

United States District Court
D. Oregon.

May 3, 1965.

John P. Creer, McKay & Burton, Salt Lake City, Utah, Roger L. Meyer, Sabin, Dafoe & Newcomb, Portland, Or., for plaintiff.

Howard I. Bobbitt, Ralph C. Sipprell, Beaverton, Or., for defendant.

EAST, District Judge.

On March 29, 1965, this Court entered its memorandum in these Miller Act Title 40 U.S.C.A. § 270b(a) proceedings, deciding that the use plaintiff was entitled to prevail on its claim against the defendant payment bond surety.

The memorandum implied that the use plaintiff was entitled to recover an additional reasonable amount as indemnity for its attorney fees incurred in the prosecution of the action.

It now appears meet for the advice of the bar and future litigants in this Court that the aforesaid memorandum be supplemented relative to the recovery by prevailing use plaintiff of indemnity for attorney fees incurred.

For some time prior to the entry of the above memorandum, the present three Judges of this District had each entertained doubt as to the expediency and propriety, albeit the justice, in further adherence to the rule of non-recovery announced in United States f/u/b Brown v. Swendig et al., Civ. 7660 (D.Or.), citing Civ. 12183 (1934) and United States for Use and Benefit of Eoff Electric Co. v. Mann et al., 196 F.Supp. 185 (D.Or.1961).

The undersigned Judge, during open court pretrial conferences in these proceedings, advised counsel that a use plaintiff contention to recover reasonable indemnity for attorney fees would be allowable and approved, and that such apparent change of policy or rule by that

Judge was predicated upon the opinions entered in United States for Use and Benefit of Puget Sound Dredging Co. v. Elwin et al., 219 F.Supp. 418 (D.Alaska 1961) and United States for Use and Benefit of Western Steel Co. v. Reliance Insurance Co., 227 F.Supp. 939 (D.Montana 1964).

The thrust of these two cases and the authorities which they follow is that since the Miller Act is silent as to the recovery of attorney's fees, recoverability of attorney fees is governed by the law of the state wherein the Miller Act performance bond was issued. This is based upon the premise that

"* * * all contracts are entered into with the understanding that the reserve power of the state to pass laws for the general welfare may be invoked at any time and therefore if the legislature, in the proper exercise of that power is convinced that the public good demands that an insurance company unsuccessfully resisting payment should pay attorneys' fees, there is no constitutional objection to their doing so."

As for legislative expressed public policy of the State of Oregon in this area, of insurance law, see ORS § 736.325(1) (1963) (allowing recovery of attorney fees in an action "upon any policy of insurance of any kind or nature * * *") and ORS § 736.055, 736.060(5) (placing surety insurance within the business of insurance generally). In State ex rel. Grinnell Co. v. White, et al., 224 Or. 483, 356 P.2d 943 (1960) a prevailing use plaintiff under Oregon's Little Miller Act, ORS §§ 279.510–279.536 was held to be entitled to allowance for attorney's fees under the provisions of ORS § 736.325 supra.

All three of the Judges of this District are now of the opinion that the rule of non-recovery reiterated in Eoff Electric, supra, should be re-examined. Two of the Judges feel that a policy or rule of recovery of indemnity for attorney fees in favor of a prevailing use plaintiff in Miller Act proceedings should be presently put in force and effect, and the third feels that the rule of recovery should not be applied retroactively against a surety on a Miller Act payment bond *issued prior* to the date hereof.

Accordingly, in the future, use plaintiffs seeking recovery from a surety on a Miller Act payment bond may present a pretrial order contention for recovery of reasonable indemnity for attorney fees incurred in the prosecution of the proceedings, subject, however, to final approval of such contention by the trial Judge in accordance with the above delineated opinions of the Judges of this Court.

I am authorized to state that the other two Judges of this Court concur in this supplemental memorandum.