**Fred A. ARNOLD et al., Appellants,**

v.

**UNITED STATES of America, for the use of Lynn V. Bowman Mechanical Contractors, Inc., Appellee.**

No. 72–1290.

United States Court of Appeals, Tenth Circuit.

Dec. 6, 1972.

John A. Biersmith, of Biersmith & Badgerow, Kansas City, Mo., for appellants.

James T. Seigfreid and Arlyn D. Haxton, Kansas City, Mo. (Dietrich, Davis, Burrell, Dicus & Rowlands, Kansas City, Mo., and McAnany, Van Cleave & Phillips, Kansas City, Kan., with them on the brief), for appellee.

Before HILL, SETH and HOLLOWAY, Circuit Judges.

SETH, Circuit Judge.

Defendant-appellants, Fred A. Arnold and Fred A. Arnold, Inc. (hereinafter Arnold), and use-plaintiff-appellee, Lynn V. Bowman Mechanical Contractors, Inc. (hereinafter Bowman), entered into a contract providing that Bowman was to install the interior plumbing and the outside utilities in one hundred forty-eight housing units at Fort Leavenworth, Kansas. Arnold was the prime contractor. Pursuant to 40 U.S.C. § 270a(a)(2), the Miller Act, Arnold procured a payment bond from defendant-appellant, Continental Casualty Company (hereinafter Continental).

The subcontract between Arnold and Bowman specified a contract price of $192,000.00. $178,000.00 of that amount had been paid to Bowman prior to this suit.

After completion of all the work called for in its contract with Arnold, and after the job had been completed, Bowman instituted this suit against Arnold and its surety, Continental. The amended complaint recited the subcontract between the parties and attached a copy. Plaintiff further alleged that it supplied all labor and materials, and performed the work under the contract including some extra work. It further alleged that defendants' failure to build in accordance with the contract with the Government caused additional work to be done by plaintiff. The total claim so asserted included the balance due on the subcontract plus the work caused by defendants' failure to follow the contract. The allegation as to the total amount was that: "The reasonable value of the labor and materials furnished and labor performed by plaintiff under said subcontract and modifications, including the extra work made necessary by said breach of said sub-contract . . . was . . . . " The evidence shows that this claim was made up of $14,000 due on the subcontract, and some $71,000 for increased costs due to defendants' alleged breach.

Bowman also asked that attorney fees be taxed as costs under Kansas Statutes Annotated § 40–256. The statute provides that attorney fees can be collected when an insurance company has unjustifiably refused to pay the amount due and owing under a policy.

Arnold counterclaimed against Bowman, alleging that Bowman had caused delays which resulted in an increased cost to it, causing a loss of $121,361 on the completed job.

The trial court disallowed Arnold's counterclaim, disallowed Bowman's claim insofar as it was based on *quantum meruit,* and awarded Bowman the $14,000 owing under the subcontract plus $2,218.33 for extra work done by it outside the scope of the subcontract which had been necessary or had been requested by Arnold. To the total of $16,218.-33, the trial court awarded interest from November 2, 1964. The court also awarded $5,000 in attorney fees to be taxes as costs against Continental, pursuant to the statutes of Kansas.

Arnold and Continental appeal, and allege as their first point of error that Bowman, having failed to successfully recover on its *quantum meruit* claim, cannot be allowed recovery on the contract. Arnold and Continental argue that by electing to proceed in *quantum meruit,* Arnold forfeited his right to recover on the contract.

■ The record shows that Bowman did not abandon its contract claim, but rather attempted to prove that Arnold had breached that contract, which breach would allow it to recover the contract balance plus an additional amount. Having found that neither party had breached the contract, or that any breach had been waived by the conduct of the parties, the trial court awarded the amount found to be due under the contract plus extras. The claim for the contract amount was a portion of the overall claim. The matters are really separate when the record is examined. We find no error in the action of the trial court as to the cause or causes of action, and furthermore there is presented no election problem.

■ Appellants next claim that the district court did not have jurisdiction over the subject matter of this case. Although appellants attempt to categorize the action as one for damages for breach of contract, it is apparent from the second amended complaint that the action is basically one for labor and materials although made up of several segments, and as such the court properly had jurisdiction under the Miller Act.

Appellants also allege as error the awarding of interest and attorney fees by the trial court, since Congress made no provision for them in the Miller Act.

■ There is substantial authority for a trial court to award attorney fees in Miller Act cases, if such fees are allowed by state law. United States ex rel. White Masonry, Inc. v. F. D. Rich Co., 434 F.2d 855 (9th Cir.); Transamerica Insurance Co. v. Red Top Metal, Inc., 384 F.2d 752 (5th Cir.); T. F. Scholes, Inc. v. United States, 295 F.2d 366 (10th Cir.); United States ex rel. Magnolia Petroleum Co. v. H. R. Henderson & Co., 126 F.Supp. 626 (U.S.D. C.Ark.); United States ex rel. Brady's Floor Covering, Inc. v. Breeden, 110 F. Supp. 713 (U.S.D.C.Alaska).

Kansas Statutes Annotated § 40–256 provides that attorney fees can be recovered as costs where an insurance company refuses to pay a sum that is owing without just cause or excuse. The statute defines insurance companies to include "all corporations, companies, associations, societies, persons or partnerships writing contracts of insurance, indemnity or suretyship upon any type of risk or loss: . . . "

■ Appellants contend the trial court's finding that the refusal of Continental to pay Bowman's claim of $85,373.79 was without just cause or excuse is erroneous. Had that, in fact, been the trial court's finding we would be prone to agree. However, the trial court's finding of fact No. 21 reads as follows:

"21. Arnold's claims against Bowman were so insubstantial that Arnold's refusal to pay Bowman *the $14,000 admittedly owed* under the terms of the subcontract was unjustified and without just cause or excuse." (Emphasis added).

Thus, under the terms of the Kansas statutes, attorney fees were properly assessed as costs against Continental.

██ It is also settled that it is proper to award interest in Miller Act cases if allowed by state law. See Illinois Surety Co. v. John Davis Co., 244 U.S. 376, 37 S.Ct. 614, 61 L.Ed. 1206; Rocky Mountain Tool & Machine Co. v. Tecon Corp., 371 F.2d 589 (10th Cir.); Aetna Casualty & Surety Co. v. B. B. B. Const. Corp., 173 F.2d 307 (2d Cir.); United States ex rel. Lichter v. Henke Const. Co., 157 F.2d 13 (8th Cir.); Continental Casualty Co. v. Clarence L. Boyd Co., 140 F.2d 115 (10th Cir.).

██ Kansas allows recovery of interest "for money due and withheld by an unreasonable and vexatious delay of payment or settlement of accounts . . . ." K.S.A. § 16–201. The trial court found that Arnold had received all but $1,000 of the contract price from the Government on November 2, 1964, and that interest should be allowed as of that date. Appellants have not shown that this finding was clearly erroneous and the evidence supports the lower court's determination. Wunderlich Contracting Co. v. United States, 240 F.2d 201 (10th Cir.).

██ Appellants finally urge that the attorney fees awarded by the trial court were excessive. However, the fixing of attorney fees rests in the sound discretion of the trial court. T. F. Scholes, Inc. v. United States, 295 F.2d 366 (10th Cir.); Service v. Pyramid Life Insurance Co., 201 Kan. 196, 440 P.2d 944. After a close review of the record, we find nothing which would indicate to us that the trial court abused its discretion. After the parties were unable to agree as to the proper amount of attorney fees to be awarded, the trial court held a hearing on the matter, hearing evidence relative to the time spent on the case by Bowman's attorneys, both on the claim and the counterclaim. The testimony showed that Bowman's attorneys figured the fees to be $21,635.43 However, under an agreement with Bowman, they charged only $11,703.91. The trial court found this latter amount to be the reasonable attorney fees for all the services rendered Bowman in this case, including the defense of the counterclaim. The trial court then awarded $5,000 as the amount apportionable to prosecuting the Miller Act claim, and in so doing, we cannot say that the trial court abused its discretion.

Affirmed.